COMMONWEALTH of Pennsylvania, Appellee

v.

Michael LANE, Appellant.

Superior Court of Pennsylvania.

Submitted May 13, 2013.
Filed Dec. 4, 2013.

Gavin P. Holihan, Allentown, for appellant.

James B. Martin, District Attorney, Allentown, for Commonwealth, appellee.

BEFORE: GANTMAN, J., SHOGAN, J., and MUSMANNO, J.

OPINION BY GANTMAN, J.:

Appellant, Michael Lane, appeals from the order entered in the Lehigh County Court of Common Pleas, which denied and dismissed his first petition brought pursuant to the Post Conviction Relief Act ("PCRA").[1] We reverse and remand with instructions.

The relevant facts and procedural history of this case are as follows. On June 19, 2002, Appellant entered the Park–Mart convenience store of a gas station and demanded that the cashier ("Victim") give Appellant money from various registers. During the robbery, Appellant stabbed Victim's hands, severing several of her tendons. Witnesses flagged down police who ultimately apprehended Appellant. The Commonwealth charged Appellant with robbery, aggravated assault, and possessing instruments of crime ("PIC").

On August 14, 2003, a jury convicted Appellant of three counts of robbery, two counts of aggravated assault, and PIC. Following trial, the Commonwealth filed notice of its intent to seek a sentence of life imprisonment without the possibility of parole pursuant to 42 Pa.C.S.A. § 9714.[2]

---

1. 42 Pa.C.S.A. §§ 9541–9546.

2. Section 9714(a)(2) provides, in relevant part: "Upon conviction for a third or subsequent crime of violence the court may, if it determines that 25 years of total confinement is insufficient to protect the public safety, sentence the offender to life imprisonment without parole." 42 Pa.C.S.A. § 9714(a)(2).

On December 16, 2003, the court sentenced Appellant to life imprisonment without the possibility of parole. Appellant timely filed post-sentence motions on December 26, 2003. Appellant subsequently filed amended post-sentence motions and, following a hearing, the court denied relief on May 14, 2004.

Appellant timely filed a notice of appeal on June 11, 2004. On June 14, 2004, the court ordered Appellant to file a concise statement of errors complained of pursuant to Pa.R.A.P. 1925(b) no later than fourteen days after the court's order.[3] Appellant filed his concise statement on July 9, 2004. In the court's opinion, it addressed the merits of the Rule 1925(b) issues despite the untimely filing of the statement. This Court affirmed Appellant's judgment of sentence on July 12, 2006. In its decision, the three-judge panel addressed the merits of some of Appellant's direct appeal issues but deemed others waived due to the untimeliness of his Rule 1925(b) statement.

Appellant sought *en banc* reargument. On September 22, 2006, this Court issued a *per curiam* order which (1) granted *en banc* reargument; (2) withdrew the July 12, 2006 panel decision; (3) and required the parties to brief the issue of whether Appellant waived all appellate issues for failure to file a timely Rule 1925(b) statement. This Court issued another *per curiam* order on December 24, 2006, stating Appellant's failure to file a timely Rule 1925(b) statement waived for appeal purposes all issues raised in that statement. Nevertheless, this Court would consider *en banc* the legality of Appellant's sentence.[4, 5]

On January 4, 2008, this Court *en banc* affirmed Appellant's judgment of sentence; and the Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal on September 19, 2008. *See Commonwealth v. Lane*, 941 A.2d 34 (Pa.Su-

---

**3.** At the time the court ordered Appellant to file a concise statement the 1988 version of Rule 1925 was in effect, requiring an appellant to file a concise statement within fourteen days of the court's order. On May 10, 2007, the Rule was amended (effective 60 days later), enlarging the time for an appellant to file a court-ordered concise statement to twenty-one days.

**4.** *See Commonwealth v. Robinson*, 931 A.2d 15 (Pa.Super.2007) (*en banc*) (explaining challenge to legality of sentence is non-waivable, so long as reviewing court has jurisdiction).

**5.** In his *en banc* appeal, Appellant argued that a jury, rather than the sentencing court, should have determined whether to sentence Appellant to life imprisonment without the possibility of parole under Section 9714. This Court held that the protections of the Sixth and Fourteenth Amendments of the United States Constitution do not extend to the fact of prior convictions. Because it was solely the existence of two prior convictions that made Appellant eligible for sentencing within a range of increased penalties, the court properly imposed the judgment of sentence. We are mindful of the United States Supreme Court's recent decision in *Alleyne v. United States*, —— U.S. ——, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013), in which the Court held that any fact that increases a mandatory minimum sentence for a crime is an "element" of the crime, not a "sentencing factor," that must be submitted to the fact-finder. *See id.* The *Alleyne* Court, however, noted: "In *Almendarez–Torres v. United States*, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), we recognized a narrow exception to [the] general rule [that any facts that increase the prescribed range of penalties to which a criminal defendant is exposed are elements of the crime] for the fact of a prior conviction. Because the parties do not contest that decision's vitality, we do not revisit it for purposes of our decision today." *Alleyne, supra* at ——, 133 S.Ct. at 2160 n. 1. No Pennsylvania case has applied *Alleyne* to sentences enhanced solely by prior convictions. Therefore, we see no issue implicating the legality of Appellant's sentence on that ground.

per.2008) (*en banc*), *appeal denied,* 599 Pa. 689, 960 A.2d 837 (2008).

On March 3, 2009, Appellant timely filed a *pro se* PCRA petition. The court appointed counsel, who filed an amended PCRA petition on July 29, 2010. The court held an evidentiary hearing on January 9, 2012. On August 31, 2012, the court denied PCRA relief. Appellant timely filed a notice of appeal on September 19, 2012. The next day, the court ordered Appellant to file a Rule 1925(b) statement, which Appellant timely filed on October 9, 2012.

Appellant raises three issues for our review:

WAS TRIAL COUNSEL ... INEFFECTIVE WHEN HE FAILED TO CALL [APPELLANT] AS A WITNESS AT TRIAL DESPITE THE UNEQUIVOCAL STATED INTENTION OF [APPELLANT] TO TESTIFY?

WAS APPELLATE COUNSEL ... INEFFECTIVE WHEN HE FAILED TO FILE A TIMELY [RULE] 1925(B) STATEMENT AND SAID FAILURE RESULTED IN THE WAIVER OF ALL NON–WAIVABLE DIRECT APPEAL ISSUES?

WAS TRIAL COUNSEL ... INEFFECTIVE WHEN HE FAILED TO ADDRESS THE IRRELEVANT AND INFLAMMATORY EVIDENCE AND ARGUMENT RELATED TO [APPELLANT'S] RELIGION INTRODUCED INTO THE TRIAL BY THE COMMONWEALTH?

(Appellant's Brief at 4).

■■■ Our standard of review of the denial of a PCRA petition is limited to examining whether the court's determination is supported by the evidence of record and free of legal error. *Commonwealth v. Ousley,* 21 A.3d 1238 (Pa.Super.2011), *appeal denied,* 612 Pa. 698, 30 A.3d 487 (2011). This Court grants great deference to the findings of the PCRA court if the record contains any support for those findings. *Commonwealth v. Boyd,* 923 A.2d 513 (Pa.Super.2007), *appeal denied,* 593 Pa. 754, 932 A.2d 74 (2007).

For purposes of disposition, we initially address Appellant's second issue. Appellant argues direct appeal counsel filed an untimely Rule 1925(b) statement on Appellant's behalf. Appellant acknowledges that a three-judge panel of this Court addressed the merits of some of his appellate issues and ultimately affirmed his judgment of sentence on July 12, 2006. Appellant, however, emphasizes that, upon the grant of *en banc* reargument, this Court withdrew the panel decision and entered an order deeming all issues raised in the untimely Rule 1925(b) statement waived for *en banc* review. Appellant asserts counsel's filing of an untimely Rule 1925(b) statement resulted in waiver of Appellant's direct appeal issues and constituted *per se* ineffectiveness, obviating the need to prove prejudice. Appellant suggests this Court's *en banc* consideration of Appellant's challenge to the legality of his sentence did not discount counsel's *per se* ineffectiveness because a challenge to the legality of a sentence is a non-waivable issue. Appellant submits the three-judge panel consideration of the merits of some of the issues raised in the untimely statement also does not discount counsel's *per se* ineffectiveness because that decision was withdrawn and became null and void. Appellant maintains direct appeal counsel's failure to file a timely Rule 1925(b) statement deprived Appellant of meaningful appellate review when this Court *en banc* ultimately deemed waived all issues raised in the statement. Appellant concludes counsel's failure to file a timely Rule 1925(b) statement amounted to a complete deprivation of counsel on direct appeal, and this Court must reinstate Appellant's direct appeal

rights *nunc pro tunc* with leave to file a new Rule 1925(b) statement.

In response, the Commonwealth argues that direct appeal counsel's failure to file a timely Rule 1925(b) statement does not constitute a constructive denial of counsel on appeal under the unique circumstances of this case for the following reasons: (1) despite the untimely filing, the trial court addressed all the claims raised in the untimely statement in its Rule 1925(a) opinion; (2) a three-judge panel of this Court reached the merits of multiple claims presented in the statement, and the subsequent withdrawal of that decision does not erase the fact that Appellant received merits review of multiple appellate issues; (3) even without counting the three-judge panel review, Appellant received some appellate review because this Court *en banc* still reached the merits of Appellant's challenge to the legality of his sentence; (4) at the time of Appellant's direct appeal, it was common practice for appellate courts to excuse an untimely Rule 1925(b) statement and decline to find waiver of the issues raised, where the trial court had addressed the issues in its Rule 1925(a) opinion; and (5) direct appeal counsel could not have predicted our Supreme Court's decision in *Commonwealth v. Castillo*, 585 Pa. 395, 888 A.2d 775 (2005), which specifically held that claims raised in an untimely Rule 1925(b) statement were waived on appeal, and disapproved of cases in which appellate courts had exercised discretion to excuse waiver for non-compliance with Rule 1925(b).[6] The Commonwealth concludes the unique procedural posture of this case shows Appellant was not constructively denied counsel or enti-

tled to a presumption of prejudice, and this Court should decline to grant him any relief. We are inclined to agree with Appellant's position.

The law presumes counsel has rendered effective assistance. *Commonwealth v. Gonzalez*, 858 A.2d 1219, 1222 (Pa.Super.2004), *appeal denied*, 582 Pa. 695, 871 A.2d 189 (2005). Generally, when asserting a claim of ineffective assistance of counsel, the petitioner is required to show: (1) the underlying claim is of arguable merit; (2) counsel had no reasonable strategic basis for his action or inaction; and, (3) but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different. *Commonwealth v. Kimball*, 555 Pa. 299, 724 A.2d 326 (1999). The failure to satisfy any prong of the test for ineffectiveness will cause the claim to fail. *Gonzalez, supra.* Actual or constructive denial of the assistance of counsel, however, falls within a narrow category of circumstances in which prejudice is legally presumed. *Commonwealth v. Lantzy*, 558 Pa. 214, 736 A.2d 564 (1999) (holding where there is unjustified failure to file requested direct appeal, conduct of counsel falls beneath range of competence demanded of attorneys in criminal cases and denies appellant effective assistance of counsel; in such circumstances, prejudice is presumed and PCRA petitioner need not establish prejudice under general ineffectiveness test).

At the time counsel filed the untimely Rule 1925(b) statement, Rule 1925(b) in pertinent part provided:[7]

---

6. The Commonwealth also proposes how this Court should treat an untimely filed Rule 1925(b) statement under the current version of the Rule. Because we review Appellant's claim under the rule in existence at the time counsel actually filed the untimely statement,

we give this particular argument no further attention.

7. The version of Rule 1925(b) in effect at the time the trial court entered its Rule 1925 order and counsel filed the untimely state-

## Rule 1925. Opinion in Support of Order

\*　　\*　　\*

(b) Direction to file statement of matters complained of. The [trial] court forthwith may enter an order directing the appellant to file of record in the [trial] court and serve on the trial judge a concise statement of the matters complained of on the appeal no later than 14 days after entry of such order. **A failure to comply with such direction may be considered by the appellate court as a waiver of all objections to the order, ruling or other matter complained of.**

Pa.R.A.P. 1925(b) (1988) (emphasis added). The Rule made clear that an appellant's failure to comply with the trial court's Rule 1925(b) directive to file a concise statement no later than 14 days after entry of the court's order could result in waiver of all issues on appeal. *Id.* In *Commonwealth v. Lord*, 553 Pa. 415, 420, 719 A.2d 306, 309 (1998), the Pennsylvania Supreme Court analyzed the waiver language under Rule 1925(b) and expressly held: "[F]rom this date forward, in order to preserve their claims for appellate review, Appellants must comply whenever the trial court orders them to file a Statement of Matters Complained of on Appeal pursuant to Rule 1925. Any issues not raised in a 1925(b) statement will be deemed waived."

The Pennsylvania Supreme Court revisited the waiver language under Rule 1925(b) in *Commonwealth v. Butler*, 571 Pa. 441, 812 A.2d 631 (2002). The *Butler* Court explained:

> Prior to our decision in *Lord*, the intermediate appellate courts seized upon an apparent vest of discretion contained in the language of Rule 1925: "A failure to comply with such direction **may be** considered by the appellate court as a waiver...." Pa.R.A.P. 1925(b) (emphasis added). As a result, courts enforced waiver under Rule 1925 by determining whether they could conduct a "meaningful review" despite an appellant's failure to either file a Rule 1925(b) statement or include certain issues within a filed statement.
>
> In *Lord*, however, this Court eliminated any aspect of discretion and established a bright-line rule for waiver under Rule 1925: "[I]n order to preserve their claims for appellate review, [a]ppellants must comply whenever the trial court orders them to file a Statement of Matters Complained of on Appeal pursuant to Rule 1925. Any issues not raised in a Rule 1925(b) statement **will be deemed waived.**" *Lord* [*supra* at 420], 719 A.2d at 309 (emphasis added). Thus, waiver under Rule 1925 is automatic.

*Butler, supra* at 444–45, 812 A.2d at 633. The *Butler* Court further stated that appellate courts could raise sua sponte an appellant's failure to comply with Rule 1925. *Id.* at 446, 812 A.2d at 634. Thus, the waiver analysis set forth in *Lord* applied not only to cases where an appellant

---

ment is controlling for purposes of our analysis. *See Commonwealth v. Hill*, 609 Pa. 410, 16 A.3d 484 (2011) (explaining version of Rule 1925(b) in effect when court entered Rule 1925 order and appellant filed concise statement is controlling).

Rule 1925 was extensively amended on May 10, 2007, effective in 60 days; and again amended on January 13, 2009, effective as to appeals filed 60 or more days later. The Rule, as amended in 2007, now contains a remand provision which dictates: "If an appellant in a criminal case was ordered to file a [Rule 1925(b)] Statement and failed to do so, such that the appellate court is convinced that counsel has been *per se* ineffective, the appellate court shall remand for the filing of a Statement *nunc pro tunc* and for the preparation and filing of an opinion by the judge." Pa.R.A.P. 1925(c)(3), as amended.

failed to file a concise statement or omitted appellate issues from a concise statement, but also to cases where he filed a court-ordered statement in an untimely manner. *See, e.g., In re C.R.J.*, 801 A.2d 1261 (Pa.Super.2002) (holding appellant waived issues on appeal where he filed untimely concise statement); *Commonwealth v. Overby*, 744 A.2d 797 (Pa.Super.2000) (holding failure to file timely Rule 1925(b) statement renders no issue preserved for appellate review).

After *Lord* and *Butler,* and despite their respective holdings, some appellate courts continued to overlook an appellant's failure to comply with Rule 1925, where the trial court had engaged in a merits review of issues raised in an untimely or otherwise procedurally noncompliant concise statement. As a result, in *Castillo, supra,* the Supreme Court reaffirmed the bright-line rule set forth in *Lord* and *Butler,* and specifically disapproved of prior decisions in which appellate courts created exceptions to *Lord* and addressed issues that should have been deemed waived. *Castillo, supra* at 402–03, 888 A.2d at 779–80.

"Since *Lord* establishes that the submission of a court-ordered Rule 1925(b) statement is a prerequisite to appellate merits review, the Rule 1925(b) statement (when directed) is elemental to an effective perfection of the appeal." *Commonwealth v. Halley,* 582 Pa. 164, 171, 870 A.2d 795, 800 (2005) (internal citations omitted). The failure to perfect a requested direct appeal is the functional equivalent of having no representation at all. *Id.* at 172–73, 870 A.2d at 801. "The difference in degree between failures [by counsel] that completely foreclose appellate review, and those which may result in narrowing its ambit, justifies application of the presumption [of prejudice] in the more extreme instance." *Id.*

Pennsylvania law makes clear that under the 1988 version of Rule 1925(b), which was in place at the time direct appeal counsel filed the untimely, court-ordered Rule 1925(b) statement on behalf of Appellant, counsel's failure to comply timely with the Rule 1925(b) order constituted *per se* ineffectiveness, where the noncompliance resulted in waiver of all of an appellant's direct appeal issues. *Id.* Under those circumstances, a PCRA petitioner raising the ineffective assistance of counsel did not have to prove prejudice. *Id.* (holding failure to file Rule 1925(b) statement on behalf of criminal defendant resulting in waiver of all claims asserted on direct appeal, represents actual or constructive denial of assistance of counsel falling within narrow category of circumstances in which prejudice is legally presumed; fact that PCRA court and Superior Court conducted merits review of appellant's underlying claims and found no basis for relief is inconsequential). Conversely, where counsel elected to pursue certain issues in the concise statement and omitted others, prejudice was not presumed. *Commonwealth v. West,* 883 A.2d 654, 658 n. 5 (Pa.Super.2005).

■ Instantly, Appellant filed a direct appeal on June 11, 2004. On June 14, 2004, the court ordered Appellant to file a Rule 1925(b) statement within fourteen days of the court's order, in accord with the effective Rule at that time. Counsel did not file the Rule 1925(b) statement until July 9, 2004, which was eleven days late. Counsel raised nine issues in the untimely statement, none of which challenged the legality of Appellant's sentence. (*See* Concise Statement of Matters Complained of on Appeal, filed 7/9/04, at 1–2.) Counsel's failure to comply with the Rule ultimately led to the waiver on direct appeal of the issues raised in the statement and is the functional equivalent of no state-

ment at all. Thus, Appellant was constructively denied assistance of counsel, constituting *per se* ineffectiveness. *See Halley, supra. Compare West, supra.*

Additionally, the fact that direct appeal counsel could not have predicted the *Castillo* decision when he filed the untimely statement is immaterial. At the time the court issued its Rule 1925(b) order, direct appeal counsel knew by the language of the Rule that a failure to comply with the court's directive could result in the waiver of all claims raised on appeal. *See* Pa. R.A.P. 1925(b) (1988). Further, at that time, counsel had the benefit of our Supreme Court's decisions in *Lord* and *Butler,* and this Court's decisions in *C.R.J.,* and *Overby,* among others, reiterating the potential consequences of failing to comply with Rule 1925. Nevertheless, counsel filed a concise statement on Appellant's behalf beyond the fourteen-day deadline specified in the court's order and in the Rule itself.

This Court's initial panel consideration of the merits of some of Appellant's claims is also immaterial. *See Halley, supra* at 172 n. 5, 870 A.2d at 801 n. 5 (stating: "We are cognizant that both the PCRA court and the Superior Court have conducted merits review of Appellant's underlying claims and found no basis for relief. Although our decision here will thus result in duplicative review in Appellant's particular circumstance, the necessary review does not appear to be burdensome ..."). *See also Commonwealth v. Zugay,* 745 A.2d 639 (Pa.Super.2000), *appeal denied,* 568 Pa. 662, 795 A.2d 976 (2000) (explaining decision no longer carries precedential value once it is withdrawn). Upon the grant of *en banc* reargument, this Court was free to raise *sua sponte* whether Appellant's failure to comply with Rule 1925 waived all appellate issues. *See Butler, supra.* This Court's *en banc* consideration

of the legality of Appellant's sentence is also not dispositive, where counsel did not include that claim in the untimely Rule 1925(b) statement, and this Court could raise that issue *sua sponte. See Robinson, supra.*

Consequently, we reverse the court's order denying PCRA relief and remand for reinstatement of Appellant's direct appeal rights *nunc pro tunc.* Appellant must promptly file a Rule 1925(b) statement within twenty-one (21) days after remand, and the trial court shall then issue a supplemental Rule 1925(a) opinion addressing the issues raised. *See West, supra* (explaining where counsel failed to file Rule 1925(b) statement, most effective means of restoration is to remand for counsel to file Rule 1925(b) statement and for court to issue supplemental opinion addressing issues raised). *See also Halley, supra* (remanding for reinstatement of appellant's direct appeal rights *nunc pro tunc* ). Accordingly, we reverse and remand with instructions.

Order reversed; case remanded with instructions. Jurisdiction is relinquished.