J-S44033-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| NORRIS EDWARD JENNINGS | |
| Appellant | No. 245 WDA 2014 |

Appeal from the Judgment of Sentence December 19, 2013
In the Court of Common Pleas of Mercer County
Criminal Division at No(s): CP-43-CR-0000388-2013

BEFORE:  BENDER, P.J.E., LAZARUS, J., and OTT, J.

MEMORANDUM BY OTT, J.:                    **FILED AUGUST 13, 2014**

Norris Edward Jennings appeals from the judgment of sentence imposed on December 19, 2013, in the Court of Common Pleas of Mercer County following his conviction by jury of three counts each of unlawful delivery of cocaine, possession of cocaine, possession of drug paraphernalia and criminal use of a communication facility (cell phone).[1] Jennings received an aggregate sentence of three to six years' incarceration.  The sentence represents the imposition of the mandatory minimum sentence allowable under 18 Pa.C.S. § 7508(a)(3)(i).[2]  In this timely appeal, Jennings raises a

---

[1] 35 P.S. §§ 780-113(a)(30), (a)(16), (a)(32), and 18 Pa.C.S. § 7512(a), respectively.

[2] Section 7508 states, in relevant part:

*(Footnote Continued Next Page)*

single issue, claiming the imposition of the mandatory minimum sentence represents cruel and unusual punishment, and is, therefore, unconstitutional under the Eighth and Fourteenth Amendments of the United States Constitution and Article 1, Sections 13 and 9 of the Pennsylvania

*(Footnote Continued)* —————————

> **(a) General rule.--**Notwithstanding any other provisions of this or any other act to the contrary, the following provisions shall apply:
>
> . . .
>
> (3) A person who is convicted of violating section 13(a)(14), (30) or (37) of The Controlled Substance, Drug, Device and Cosmetic Act where the controlled substance is coca leaves or is any salt, compound, derivative or preparation of coca leaves or is any salt, compound, derivative or preparation which is chemically equivalent or identical with any of these substances or is any mixture containing any of these substances except decocainized coca leaves or extracts of coca leaves which (extracts) do not contain cocaine or ecgonine shall, upon conviction, be sentenced to a mandatory minimum term of imprisonment and a fine as set forth in this subsection:
>
> > (i) when the aggregate weight of the compound or mixture containing the substance involved is at least 2.0 grams and less than ten grams; one year in prison and a fine of $5,000 or such larger amount as is sufficient to exhaust the assets utilized in and the proceeds from the illegal activity; however, if at the time of sentencing the defendant has been convicted of another drug trafficking offense: three years in prison and $10,000 or such larger amount as is sufficient to exhaust the assets utilized in and the proceeds from the illegal activity

18 Pa.C.S. § 7508(a)(3)(i).

Constitution. After a thorough review of the submissions by the parties, relevant law, and the certified record, we affirm on the basis of the March 11, 2014, Pa.R.A.P. 1925(a) Opinion and the January 15, 2014, Memorandum Opinion and Order, both authored by the Honorable Christopher J. St. John.

The history of this matter and the issue raised in this appeal are both straightforward and uncomplicated. They are both addressed in the cogent Memorandum Opinion and Order of January 15, 2014, denying Jennings' post-sentence motion challenging the constitutionality of 18 Pa.C.S. § 7508. We need add nothing to that analysis.

We note that the Pennsylvania mandatory minimum sentencing statutes have been called into question to the extent that sentencing factors, such as the weight of the drugs possessed were not determined by jury. *See Alleyne v. United States*, 133 S.Ct. 2151 (2013); *Commonwealth v. Lane*, 81 A.3d 974, 976 n.5 (Pa. Super. 2013); *Commonwealth v. Watley*, 81 A.3d 108 (Pa. Super. 2013).[3]

_____

[3] We also recognize that our Supreme Court has accepted *Commonwealth v. Johnson*, ___ A.3d ___ (Pa. June 13, 2014) for review, to determine whether the application of 18 Pa.C.S. § 6317, regarding drug free school zones, must be submitted to the jury and whether a challenge to sentencing pursuant to *Alleyne* implicates the legality of a sentence and cannot be waived. The instant matter is not dependent upon the resolution of *Johnson*.

Instantly, Jennings was subject to the mandatory minimum sentence pursuant to 18 Pa.C.S. § 7508(a)(3)(i) due to both the weight of the drugs involved and the fact that Jennings had a prior drug conviction. However, the *Alleyne* considerations are not applicable herein because the jury did determine the weight of the drugs involved. *See* Jury Verdict Form, 10/23/2013. Additionally, the fact of a prior conviction is exempt from jury determination. *See*; *Alleyne*, 133 S.Ct. at 2160 n.1; *Almendarez-Torres v. United States*, 118 S.Ct. 1219 (1998) and *Lane*, *id*. Therefore, Jennings' sentence is not unconstitutional under the Sixth and Fourteenth Amendments of the United States Constitution and Article 1, Sections 13 and 9 of the Pennsylvania Constitution .

In light of the above, Jennings is not entitled to relief.

Judgment of sentence affirmed. Parties are directed to attach a copy of the January 15, 2014 Memorandum and Order and the March 11, 2014 1925(a) Opinion in the event of further proceedings.


Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/13/2014

IN THE COURT OF COMMON PLEAS OF MERCER COUNTY, PENNSYLVANIA
CRIMINAL

COMMONWEALTH OF PENNSYLVANIA :

    v.                     :        No. 388 Criminal 2013

NORRIS EDWARD JENNINGS     :

## MEMORANDUM OPINION AND ORDER

This matter came before the Court for argument on defendant's Post-Sentence Motion challenging the constitutionality of the mandatory minimum terms of incarceration imposed upon the defendant. Defendant was convicted at a jury trial on October 23, 2013 of three counts of unlawful delivery of cocaine, three counts of possession of cocaine, three counts of possession of drug paraphernalia and three counts of criminal use of a communication facility (cell phone) for drug sales that occurred on March 21, 22 and 28, 2012. Defendant was sentenced on December 19, 2013 to an aggregate term of incarceration in a state correctional facility of not less than three years nor more than six years.

The jury found the defendant guilty on counts 2 and 3 of unlawful delivery of at least two grams of cocaine but less than ten grams. Prior to sentencing, the Commonwealth gave notice of its intention to seek a three year mandatory

**Exhibit "A"**

minimum term of incarceration on counts 2 and 3 pursuant to 18 Pa.C.S.A. § 7508(a)(3)(i) based upon the weight of the controlled substance and the fact that this is a subsequent conviction for the same offense. Defendant's attorney filed a timely Post-Sentence Motion on December 30, 2013 since the tenth day fell on a Sunday.

Defendant does not dispute that he had a prior conviction for unlawful delivery of a controlled substance. However, he seeks to strike the application of the mandatory minimum imposed pursuant to 18 Pa.C.S.A. § 7508(a)(3)(i) because that provision is unconstitutional. Defendant maintains a violation of his constitutional right to be free from cruel and unusual punishment as guaranteed under the Eighth and Fourteenth Amendments to the United States Constitution and Article I, Sections 13 and 9 of the Pennsylvania Constitution, because the mandatory minimum sentence is grossly disproportionate to the severity of the offense and takes away the sentencing court's discretion to some extent. Defendant also argues that Section 7508(a)(3)(i) violates the doctrine of the separation of powers between the judiciary and the legislative branch by taking away the Court's discretion to impose an appropriate individualized sentence based upon any number of factors. Defendant's third challenge is that Section 7508(a)(3)(i) violates due process under Article I, Section 9 of the Pennsylvania Constitution and the Fourteenth Amendment of the United States Constitution by denying the defendant the right to an individualized sentence determined by a judicial proceeding.

2

All challenges to the constitutionality of legislative enactments must be governed by the following well-established and long-standing principals. First, the legislature is presumed that its enactments are not intended to violate either Constitution, so that a statute is therefore presumed valid, and unless it clearly, palpably and plainly violates the Constitution, it will not be declared unconstitutional. *Com. v. Baker,* 78 A.3d 1044, 1050 (Pa. 2013) (citation omitted). Furthermore, the defendant bears a heavy burden of persuasion that a statute is unconstitutional. *Id.* Defendant here has not cited any legal authority that supports any of his constitutional challenges and has not otherwise met his burden of proof.

In addition, the Pennsylvania Supreme Court upheld a mandatory minimum term of incarceration of 25 years in a recidivist statute addressing child pornography at 42 Pa.C.S.A. § 9718.2 against a cruel and unusual punishment challenge. *Id.* Defendant argues that the United State Supreme Court case of *Miller v. Alabama,* ___ U.S. ___, 132 S.Ct. 2455 (2012) supports his constitutional challenge by analogy, and should cause this Court to revisit any prior caselaw decided before *Miller.* The Court in the *Miller* case held that it was unconstitutional under the Eighth Amendment to impose a mandatory life sentence without parole for criminal homicide by a juvenile. However, the Pennsylvania Supreme Court in *Baker* decided its constitutional issue after the *Miller* case. Furthermore, *Miller* is distinguishable from the current challenge because it struck down a mandatory life sentence without the possibility of parole which was an extreme remedy and took away **all** discretion from the sentencing court.

3

The current recidivist statute for drug trafficking is much different than the mandatory life sentence in the *Miller* case. Under Section 7508(a)(3)(i), the legislature addressed the growing problem of drug trafficking by creating an upward sliding scale of increased mandatory minimum penalties depending on the substance, the weight of the substance and any prior convictions for drug trafficking. Moreover, the mandatory minimum sentence under Section 7508(a)(3)(i) still leaves discretion with the sentencing court as it is well below the statutory maximum penalty and defendant is eligible for parole. In addition, the sentence court has the ability to give the defendant a reduction below the mandatory minimum under the Recidivism Risk Reduction Incentive Act (RRRI), 44 Pa.C.S.A. § 5301 et seq. (Purdon's 2009). In fact, the defendant was deemed eligible for a RRRI reduction below the mandatory minimum here.

Finally, all of the challenges to the various mandatory minimum sentences created in the Sentencing Code by the legislature have been upheld over the decades under several constitutional theories and the defendant has failed to carry its burden in establishing how under any theory 18 P.S. § 7508(a)(3)(i) violates either Constitution. *See* generally, *Com. v. Spells*, 612 A.2d 458, 462 (Pa. Super. 1992) (en banc); *Com. v. Green*, 849 A.2d 1247 (Pa. Super. 2004); *Com. v. Harley*, 924 A.2d 1273 (Pa. Super. 2007); *Com. v. Wisor*, 928 A.2d 270 (Pa. Super. 2007) and *Com. v. Bell*, 516 A.2d 1172 (Pa. 1986).

Hence, defendant's constitutional challenges to 18 Pa.C.S.A. § 7508(a)(3)(i) will be DENIED.

IN THE COURT OF COMMON PLEAS OF MERCER COUNTY, PENNSYLVANIA
CRIMINAL

COMMONWEALTH OF PENNSYLVANIA :

          v.                      :     No. 388 Criminal 2013

NORRIS EDWARD JENNINGS     :

## ORDER

AND NOW, on this 15th day of January, 2014, IT IS HEREBY ORDERED that defendant's Post-Sentence Motion filed December 30, 2013 challenging the constitutionality of 18 Pa.C.S.A. § 7508(a)(3)(i) is DENIED.

BY THE COURT:

Christopher J. St. John, Judge

rmb

IN THE COURT OF COMMON PLEAS OF MERCER COUNTY, PENNSYLVANIA
CRIMINAL

COMMONWEALTH OF PENNSYLVANIA :

    v.                   :   No. 388 Criminal 2013

NORRIS EDWARD JENNINGS     :

## RULE 1925 OPINION

Appellant, Norris Edward Jennings, was convicted by a jury on October 23, 2013 of three counts of unlawful delivery of cocaine, three counts of possession of cocaine, three counts of possession of drug paraphernalia and three counts of criminal use of a communication facility (a cell phone) for drug sales that occurred on March 21, 22 and 28, 2012. Appellant was later sentenced on December 19, 2013 to an aggregate term of incarceration in a state correctional facility of not less than three years nor more than six years. This sentence was a mandatory minimum sentence imposed at the request of the Commonwealth pursuant to 18 Pa.C.S.A. § 7508(a)(3)(i) because of the weight of the controlled substance and appellant's prior conviction for the same offense.

**Exhibit "C"**

A timely Post-Sentence Motion was filed by appellant alleging that the mandatory three year minimum constituted cruel and unusual punishment as guaranteed under the Eighth and Fourteenth Amendments to the United States Constitution, and Article I, Sections 13 and 9 of the Pennsylvania Constitution. Appellant's Post-Sentence Motion was denied by Order dated January 15, 2014 attached to a Memorandum Opinion.

Appellant raises the same issue on appeal that was addressed by the Court on the Post-Sentence Motion. Accordingly, the appellate court is directed to this Court's Memorandum Opinion filed with the Order dated January 15, 2014 as the basis for the denial of the Post-Sentence Motion.

Furthermore, this Court recommends affirmance of the January 15, 2014 Order.

BY THE COURT:

Date: March 11, 2014

_____ J.
Christopher J. St. John, Judge

rmb