J. S12037/15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA, : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
Appellee :
:
v. :
:
NATHANIEL J. JONES, :
:
Appellant : No. 1640 EDA 2014

Appeal from the PCRA Order May 16, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division No(s).: CP-51-CR-0810731-2005

BEFORE: BOWES, SHOGAN, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.: **FILED MARCH 20, 2015**

Appellant, Nathanial L. Jones, appeals *pro se* from the order entered in the Philadelphia County Court of Common Pleas dismissing without a hearing his first, timely Post Conviction Relief Act[1] ("PCRA") petition.[2] Appellant avers the PCRA court erred in denying relief on his claim that trial counsel provided ineffective assistance because she was inexperienced and not versed in the rules of procedure. We affirm.

On September 22, 2007, a jury found Appellant guilty of rape, sexual assault, incest, and endangering the welfare of a child for offenses

---

[*] Former Justice specially assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

[2] The Commonwealth did not file an appellee's brief.

committed against his fifteen-year old daughter, as well as aggravated indecent assault and corruption of the morals of a minor for acts committed against his daughter's fifteen-year old friend.[3]  On March 7, 2008, the trial court imposed an aggregate sentence of thirty-one to sixty-two years.

Appellant took a direct appeal with this Court, arguing the trial court erred in: (1) permitting each complainant to provide hearsay testimony in bolstering the testimony of each other; (2) allowing evidence of a prior bad act that occurred more than ten years earlier; (3) denying a motion for a mistrial because jurors discussed the case outside of the courtroom; (4) excluding the complainant's; testimony that they wanted Appellant to be incarcerated, which would have showed their motive; and (5) imposing an allegedly excessive sentence.  This Court denied relief on all claims and affirmed the judgment of sentence on January 22, 2010.  The Pennsylvania Supreme Court denied allowance of appeal on December 20, 2010.[4]

Appellant filed the instant *pro se*, timely PCRA petition on December 14, 2011.[5]  The PCRA court appointed counsel to represent him.  On March

---

[3] The judge at trial, the Honorable Genece E. Brinkley, also presided over the instant PCRA proceedings.

[4] **Commonwealth v. Jones**, 979 EDA 2008 (unpublished memorandum) (Pa. Super. Jan. 22, 2010), *appeal denied*, 83 EAL 2010 (Pa. Dec. 14, 2010).

[5] Appellant's judgment of sentence became final on Monday, March 21, 2011, when the ninety-day period for filing a writ of *certiorari* with the United States Supreme Court expired.  **See** Sup. Ct. R. 13; 1 Pa.C.S. §

4, 2014, counsel filed a petition to withdraw from representation pursuant to *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). The PCRA court received an objection from Appellant, which was not filed nor entered on the docket. PCRA Ct. Op., 7/30/14, at 2. On April 9th, the court issued Pa.R.Crim.P. 907 notice of intent to dismiss the petition without a hearing. The PCRA court received an objection from Appellant, which likewise was not filed. *Id.* On May 16, 2014, the court entered the instant order, dismissing Appellant's petition and allowing PCRA counsel to withdraw. Appellant took this timely *pro se* appeal and complied with the court's order to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal.

At this juncture we summarize the claims advanced in Appellant's PCRA petition. He averred trial counsel provided ineffective assistance because he "did not possess the skill and knowledge to meet the charges and did not know proper court rules and procedure to represent" him. Appellant's Mot. for Post Conviction Collateral Relief, 12/14/11, at 3. In his supporting brief, Appellant added that at trial, "there were at least eighty-two . . . instances where the district Attorney objected[,] the Trial Court immediately sustained the objection and [trial counsel] **did not** know the basis of the objection and/or how to proceed after the objection was

---

1908; 42 Pa.C.S. § 9545(b)(3). Appellant then generally had one year, or until March 21, 2012, to file a PCRA petition. *See* 42 Pa.C.S. § 9545(b)(1).

sustained." Appellant's Brief in Support of Post Conviction Relief Act Pet., 12/14/11, at 4. Appellant claimed that "[o]ften times the objections were sustained for [trial counsel's] failure to lay a proper foundation," and in one instance, counsel improperly attempted to have a witness read from a document. *Id.* Appellant further asserted that during a lunch recess, the trial court instructed trial counsel, on the record, "to take a refresher course in Rules of Procedure." *Id.* Appellant contended, "At that point a mistrial should have been granted but of course, there was nobody to ask for a mistrial due to counsel's [lack] of knowledge of court procedure." *Id.* at 5.

In the instant appeal, Appellant's argument is a verbatim reproduction of the claims set forth above. *See* Appellant's Brief at 13-16. We find no relief is due.

"Our standard of review of the denial of a PCRA petition is limited to examining whether the court's determination is supported by the evidence of record and free of legal error." *Commonwealth v. Lane*, 81 A.3d 974, 977 (Pa. Super. 2013), *appeal denied*, 92 A.3d 811 (Pa. 2014). This Court has stated:

> The law presumes counsel has rendered effective assistance. Generally, when asserting a claim of ineffective assistance of counsel, the petitioner is required to show: (1) the underlying claim is of arguable merit; (2) counsel had no reasonable strategic basis for his action or inaction; and, (3) but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different. The failure to satisfy any prong of the test for ineffectiveness will cause the claim to fail. . . .

- 4 -

*Id.* at 978 (citations omitted).

In the instant matter, the PCRA court considered Appellant's claim about the eighty-two instances of the trial court's sustaining the prosecutor's objections. It opined that Appellant failed to establish prejudice "as there is nothing to suggest 'that the outcome of the proceedings would have been different' had trial counsel's performance been otherwise." PCRA Ct. Op. at 4. The court found Appellant failed to point "to any specific instance where trial counsel's actions prejudiced him so greatly that the outcome of the trial would have been different." *Id.* at 4-5.

We agree. Appellant's PCRA petition and accompanying brief failed to establish any of the ineffectiveness prongs. *See Lane*, 81 A.3d at 978. His assertion, that "[o]ften times the objections were sustained for . . . failure to lay a proper foundation," does not identify any specific ruling or explain how these rulings prejudiced him. *See* Appellant's Brief in Support of Post Conviction Relief Act Pet. at 4. Appellant also contended that at trial, his counsel "attempted to have a witness read from a document," but altered her question when the Commonwealth objected, although the court had not ruled on it. *Id.* Appellant then quoted an exchange at trial, wherein trial counsel stated, "I'd like to make an objection although it's after the question. Why wasn't I allowed to let her read this? Never mind." *Id.* (quoting N.T., 9/19/07, at 215). Counsel then stated she withdrew the objection, and the court responded, "That's right." Appellant's Brief in

Support of Post Conviction Relief Act Pet. at 4 (quoting N.T. at 215). Appellant provides no explanation of how counsel's questioning of the witness or her subsequent exchange with the trial court amounted to ineffective assistance.

Finally, although Appellant emphasized that the trial court told counsel, out of the jury's presence, "to take a refresher course in Rules of Procedure," he ignored the context of that remark. Appellant's Brief in Support of Post Conviction Relief Act Pet. at 4. Our review of the transcript reveals the following. The court stated to counsel, "[Y]ou need to brush up on your rules of procedure and the appropriate way to use any document[ or] get what you're trying to get out to a witness." N.T. at 217. The court also advised, "If you want to go back and rephrase your question or try to do it over again, you can." *Id.* at 218. We conclude that without any further discussion in Appellant's PCRA petition, the PCRA court properly found he failed to establish: (1) his underlying claim—that counsel was inexperienced and not versed in the rules of procedure—had arguable merit; (2) counsel had a reasonable basis for her actions or inaction; and (3) there is a reasonable probability that the outcome of his trial would have been different. Appellant's arguments on appeal fail to overcome the deficiencies in his PCRA petition. Accordingly, we affirm the order dismissing Appellant's petition without a hearing.

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/20/2015