J-S11009-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT OP 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| HAKEEM LATEEF RAK SMITH | : | |
| | : | |
| Appellant | : | No. 1282 EDA 2022 |

Appeal from the Judgment of Sentence Entered April 12, 2022
In the Court of Common Pleas of Chester County Criminal Division at
No(s):  CP-15-CR-0003637-2018

BEFORE:  OLSON, J., McLAUGHLIN, J., and KING, J.

MEMORANDUM BY OLSON, J.:                    **FILED AUGUST 31, 2023**

Appellant, Hakeem Lateef Rak Smith, appeals from the judgment of sentence entered on April 12, 2022 in the Criminal Division of the Court of Common Pleas in Chester County, as made final by the denial of Appellant's post-sentence judgment on May 12, 2022.  We affirm.

The trial court has aptly summarized the historical and procedural facts as follows.

> On September 13, 2018, [] Samuel Algarin went to work, took his children to martial arts class, and then went for pizza with his mother and children.  After that, at approximately 9:30 [p.m.] to 9:40 p.m., his mother dropped him off at Starbucks, where his vehicle, a GMC Terrain, was parked.  [] Algarin's body was subsequently discovered near the side of the road close to the Starbucks with a single gunshot wound.  His [mobile telephone] was found in a field approximately two miles from where his body was found.
>
> Video from an unrelated event shows [Appellant near] Starbucks [on the evening of September 13, 2018].  [Appellant ] was walking

northbound on Route 10, the same direction [] Algarin was driving. Surveillance video from a Turkey Hill [convenience] store near the Starbucks also shows [Appellant] driving [] Algarin's vehicle at 9:49 p.m. that night. He pulled up to the gas pumps, but did not know [on which side of the vehicle the gas tank was located]. He had to get back into the vehicle and reposition it so that the gas tank was on the correct side closest to the gas pump. The vehicle was found in Westtown Township, and [Appellant's] palm print was discovered on the vehicle. In addition, [Appellant's] fingerprint was found on [] Algarin's [mobile telephone], and [] Algarin's [genetic material] was found on [Appellant's] pants. There was also video of [Appellant] wiping down [Algarin's] vehicle, which tends to show [] consciousness of guilt. Moreover, [Appellant] sent photograph's of [] Algarin's vehicle to a friend, Kassemah Chapman, and also confessed to her that he killed someone to [obtain] money. [Appellant also conducted] Google searches of [] Algarin's murder.

[Based upon the foregoing evidence, Appellant] was charged with first-degree murder [(18 Pa.C.S.A. § 2502(a))], second-degree murder [(18 Pa.C.S.A. § 2502(b))], robbery – inflict[s] serious bodily injury [(18 Pa.C.S.A. § 3701(a)(1)(iv))], robbery of a motor vehicle [(18 Pa.C.S.A. § 3702(a))], and theft by unlawful taking [(18 Pa.C.S.A. § 3921(a))]. [On December 9, 2021, a jury found Appellant not guilty of first-degree murder, but convicted him] of all other charges. On April 12, 2022, [Appellant received a sentence of life imprisonment], which is the mandatory [] sentence for second-degree murder.

Appellant thereafter filed a notice of appeal on May 5, 2022. On May 12, 2022, [the trial court ordered Appellant to file a concise statement of errors] complained of on appeal, which was received on August 4, 2022. *See* Pa.R.A.P. 1925(b). The trial court issued its Rule 1925(a) opinion on November 16, 2022. This appeal followed.[1]

---

[1] Counsel for Appellant filed a timely post-sentence motion on April 13, 2022. While that motion remained pending, counsel - on May 5, 2022 – filed a notice of appeal stating that the appeal challenged Appellant's December 9th, 2021 conviction together with the sentence imposed on April 12, 2022. Although counsel filed a notice of appeal before resolution of a timely post-sentence motion, we shall treat the notice as timely filed.
*(Footnote Continued Next Page)*

Trial Court Opinion, 11/16/22, at 1-2.

Appellant's brief raises the following questions for our review.

Whether the trial court erroneously instructed the jury that whether [Appellant] killed [Algarin], "was not an issue in this case," where there was no evidence presented that [Appellant] had conceded, admitted to, or presented evidence suggesting that he had killed [Algarin]?

Whether the trial court erroneously permitted color photographs of the autopsy, and of the victim's body at the crime scene, to be displayed to the jury?

Whether the evidence was insufficient to prove beyond a reasonable doubt that [Appellant] was guilty as charged, as there was no direct evidence that [Appellant] had committed a robbery, and insufficient evidence of the requisite intent to second-degree murder?

_____

If a timely post-sentence motion has been filed in a criminal case, the notice of appeal should be filed within 30 days of the entry of an order that disposes of the motion. *See* Pa.R.Crim.P. 720(A)(2)(a); *see also* Pa.R.A.P. 903(a) (notice of appeal must be filed within 30 days of entry of order from which appeal is taken). Our Supreme Court has held that a premature appeal, or one that is filed before the resolution of a timely post-sentence motion, does not divest the trial court of jurisdiction to act upon the timely post-sentence motion and should be treated as if it were filed after the denial of the pending motion in accordance with Pa.R.A.P. 905(a)(5). *See Commonwealth v. Cooper*, 27 A.3d 994, 1008 (Pa. 2011); Pa.R.A.P. 905(a)(5) ("A notice of appeal filed after the announcement of a determination but before the entry of an appealable order shall be treated as filed after such entry and on the day thereof.").

Here, counsel filed a notice of appeal while a timely post-sentence motion was pending. Hence, counsel's notice was premature. Nevertheless, the trial court denied the post-sentence motion on May 12, 2022, and we may consider the notice timely filed on that date in accordance with Pa.R.A.P. 905(a)(5).

Whether the trial court erroneously declined to instruct the jury on [Appellant's] requested instruction regarding "a witness subject to special scrutiny"?

Whether the sentence of life imprisonment, a for a second-degree murder conviction, is unconstitutional, on these particular facts, with no direct evidence of a robbery?

Appellant's Brief at 8.

In his first issue, Appellant asserts that the trial court improperly instructed the jury regarding the elements of second-degree murder. To support this claim, Appellant cites the following portion of the court's instructions:

[THE COURT]: To find [Appellant] guilty of [second-degree murder], you must find the following three elements to be proven [] beyond a reasonable doubt. First, [Appellant] killed Samuel Algarin. **That's not an issue in this case**.

N.T. 12/9/21, at 221-222 (emphasis added). Citing the bolded text, Appellant claims that in advising the jury that Appellant's killing of Algarin was "not an issue in the case," the trial court usurped the function of the factfinder and essentially directed it to find that the first element of second-degree murder had been proven. *See* Appellant's Brief at 14. Appellant failed to preserve this claim for appellate review.

Claim preservation is central to appellate review. "Issues not raised in the [trial] court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a); *see also* Pa.R.A.P. 302(b) (requiring specific exception to preserve challenges to jury instructions). Moreover, timely submission of a court-ordered Rule 1925(b) statement is required to preserve merits review

on appeal; hence, when a concise statement under Rule 1925(b) is ordered, appellants must comply or accept default on omitted claims. ***See Commonwealth v. Lane***, 81 A.3d 974, 979-980 (Pa. Super. 2013), *appeal denied*, 92 A.3d 811 (Pa. 2014). Appellant did not object to the trial court's instruction concerning the first element of the offense of second-degree murder and Appellant omitted this claim from his concise statement. In view of these circumstances, Appellant waived appellate review of his opening claim.

In his second claim, Appellant asserts that the trial court abused its discretion by permitting color photographs of the murder victim to be published to the jury, when black and white photographs were available. One photograph was taken of the victim's body at the crime scene and a second photograph, which focused on the victim's gunshot wound, was captured at the autopsy. Appellant concedes the relevance of the challenged photographs, but suggests, without elaboration, that the risk of inflaming the passions of the jury outweighed the evidentiary value of the pictures. ***See*** Appellant's Brief at 17.

The following principles govern the admission of photographs depicting homicide victims.

> The admission of evidence is solely within the discretion of the trial court, and a trial court's evidentiary rulings will be reversed on appeal only upon an abuse of that discretion. ***Commonwealth v. Reid***, 99 A.3d 470, 493 (Pa. 2014). An abuse of discretion will not be found based on a mere error of judgment, but rather occurs where the court has reached a conclusion that overrides or

- 5 -

misapplies the law, or where the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will. ***Commonwealth v. Davido***, 106 A.3d 611, 645 (Pa. 2014).

When the Commonwealth seeks to introduce photographs of a homicide victim into evidence, the trial court must engage in a two-part analysis. First, the trial court must examine whether the particular photograph is inflammatory. ***Commonwealth v. Murray***, 83 A.3d 137, 156 (Pa. 2013). If the photograph is not inflammatory, it may be admitted if it is relevant and can serve to assist the jury in understanding the facts of the case. ***Id.*** If the photograph is inflammatory, the trial court must determine whether the photograph is of such essential evidentiary value that its need clearly outweighs the likelihood of inflaming the minds and passions of the jurors. ***Id.***

***Commonwealth v. Woodard***, 129 A.3d 480, 494 (Pa. 2015).

The trial court did not abuse its discretion in admitting the challenged photographs. The court accepted the Commonwealth's explanation that the pictures were needed to visually demonstrate for the jury several features of the corpse that would be addressed in the testimony of the Commonwealth's witnesses, including the position of the victim's body, the state of his clothing, and the lack of blood. The court allowed a color photograph of the victim's bullet wound to be published to the jury because its probative value outweighed its prejudicial effect. ***See*** Trial Court Opinion, 11/16/22, at 7, *citing* N.T., 12/2/21, at 7. The court instructed the Commonwealth to substitute a black and white version for the second photograph and to block out the victim's face to reduce the inflammatory nature of the submission. Also, the trial court gave the jury a cautionary instruction addressing how the photographic evidence should be viewed, and we presume that a jury follows

instructions of the court. *See Commonwealth v. Spotz*, 896 A.2d 1191, 1224 (Pa. 1999). Appellant is entitled to no relief on this claim.

In his third claim, Appellant maintains that the evidence was insufficient to sustain a conviction for second-degree murder since there was no direct evidence that Appellant committed a robbery and since there was no direct evidence that Appellant fatally shot the victim. Appellant stresses that the evidence was equally consistent with a scenario in which Appellant elected to take the victim's vehicle and mobile telephone only after coming upon an individual who received mortal wounds at the hands of another attacker. *See* Appellant's Brief at 19.

In reviewing a challenge to the sufficiency of the evidence, our standard of review is as follows:

> As a general matter, our standard of review of sufficiency claims requires that we evaluate the record in the light most favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence. Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt. Nevertheless, the Commonwealth need not establish guilt to a mathematical certainty. Any doubt about the defendant's guilt is to be resolved by the fact finder unless the evidence is so weak and inconclusive that, as a matter of law, no probability of fact can be drawn from the combined circumstances.
>
> The Commonwealth may sustain its burden by means of wholly circumstantial evidence. Accordingly, [t]he fact that the evidence establishing a defendant's participation in a crime is circumstantial does not preclude a conviction where the evidence coupled with the reasonable inferences drawn therefrom overcomes the presumption of innocence. Significantly, we may not substitute our judgment for that of the fact finder; thus, so long as the

evidence adduced, accepted in the light most favorable to the Commonwealth, demonstrates the respective elements of a defendant's crimes beyond a reasonable doubt, the appellant's convictions will be upheld.

*Commonwealth v. Sebolka*, 205 A.3d 329, 336-337 (Pa. Super. 2019) (internal quotations and citations omitted). When the jury evaluates the weight and credibility of the evidence and the testimony of each witness, the jury is free to believe all, part, or none of the evidence. *See Commonwealth v. Ramtahal*, 33 A.3d 602, 607 (Pa. 2011). Evidence may be sufficient to establish guilt even if it is not absolutely incompatible with innocence or it does not prove guilt beyond a moral certainty. *See In Interest of J.B.*, 189 A.3d 390, 409 (Pa. 2018) (citation and quotation omitted).

Under these principles, it is evident that no relief is due. Neither the circumstantial nature of the evidence offered by the Commonwealth, nor the fact that innocent scenarios withstand the prosecution's proof, compel acquittal. Hence, we reject Appellant's third claim.

Appellant's next issue asserts that the trial court erred or abused its discretion in refusing his request to instruct the jury to receive the testimony of his former girlfriend, Kassemah Chapman, with special care and scrutiny. Appellant argues he was entitled to a "special scrutiny" charge because Chapman's testimony was analogous to perjury given that she "admitted to testifying falsely in her direct testimony[.]" Appellant's Brief at 20-21. This claim merits no relief.

We employ the following principles in reviewing a challenge to the trial court's refusal to give a specific jury instruction:

[I]t is the function of this [C]ourt to determine whether the record supports the trial court's decision. In examining the propriety of the instructions a trial court presents to a jury, our scope of review is to determine whether the trial court committed a clear abuse of discretion or an error of law which controlled the outcome of the case. A jury charge will be deemed erroneous only if the charge as a whole is inadequate, [unclear] or has a tendency to mislead or confuse, rather than clarify, a material issue. A charge is considered adequate unless the jury was palpably misled by what the trial judge said or there is an omission which is tantamount to fundamental error. Consequently, the trial court has wide discretion in fashioning jury instructions. The trial court is not required to give every charge that is requested by the parties and its refusal to give a requested charge does not require reversal unless the appellant was prejudiced by that refusal.

*Commonwealth v. Brown*, 911 A.2d 576, 582-583 (Pa. Super. 2006) (quotation marks omitted).

Generally, the trial court must give instructions that are both requested and supported by the evidence. *See Commonwealth v. Hairston*, 84 A.3d 657, 668 (Pa. 2014). However, "[i]nstructions regarding matters which are not before the court or which are not supported by the evidence serve no purpose other than to confuse the jury." *Commonwealth v. Patton*, 936 A.2d 1170, 1176 (Pa. Super. 2007).

Prior to deliberation, counsel for Appellant asked the trial court to instruct the jury to receive Chapman's testimony with special care. During an exchange, counsel pointed out that Chapman "basically admitted that she gave one statement [during her] grand jury testimony and another statement

[at Appellant's jury trial]." N.T., 12/9/21, at 76-80. The Commonwealth responded that the "special scrutiny" instruction didn't apply since Chapman had not admitted perjury and no perjury occurred at a related trial. The trial court agreed with the Commonwealth, rejected counsel's request, and noted that it was prepared to instruct the jury about "false in one, false in all," prior inconsistent statements, and *crimen falsi*. **See id.** At the conclusion of the exchange between the court and the attorneys, counsel for Appellant indicated he was satisfied so long as the court included a charge covering prior inconsistent statements. **See id.**

Although the trial court was alerted to Appellant's request for a jury instruction concerning "special scrutiny" of a witness's testimony,[2] nowhere does Appellant assert that counsel lodged a specific objection or exception to the instruction that was, in fact, given. This failure to object to the court's instruction is fatal to Appellant's claim that the trial court erred in its charge to the jury. Under our Rules of Criminal Procedure, the mere submission and subsequent rejection of proposed points for charge do not preserve an issue for appellate review; a specific objection or exception to the charge or the trial court's ruling is needed. **Commonwealth v. Pressley**, 887 A.2d 220, 225 (Pa. 2005); Pa.R.Crim.P. 603, 647(B), and 647(C) ("No portions of the charge nor omissions from the charge may be assigned as error, unless specific

---

[2] Appellant does not cite to the location within the record that contains his request for a particular instruction.

objections are made thereto before the jury retires to deliberate."); Pa.R.A.P.
302(b) ("A general exception to the charge to the jury will not preserve an
issue for appeal. Specific exception shall be taken to the language or omission
complained of."). Hence, this claim is waived.

Even if a specific objection were lodged, this claim still fails. The
requested instruction reads as follows:

> **4.06 CERTAIN TESTIMONY SUBJECT TO SPECIAL SCRUTINY**
>
> You should examine closely and carefully and receive with caution
> the testimony of [name of witness] [any witness] if you find that
> he or she [was previously hypnotized] [admitted that he or she
> committed perjury at another trial] [give specific situation].

Pa.SSJI (Crim) § 4.06. "This instruction may be appropriate when the court
wishes to caution the jury about testimony that falls into a category subject
to special scrutiny, [*e.g.*, previously hypnotized witness; admitted perjurer at
another trial, paid informer, child witness, and accomplice]. It should not be
used with a category for which this manual gives a more specific instruction[.]
*Id*. at Subcommittee Note.

The record supports the trial court's conclusion that the "special
scrutiny" instruction was unwarranted. Chapman did not admit to perjury
during her testimony and Appellant forwards no argument that she fell within
any other category listed under Section 4.06. Our review of the record shows
that the jury instruction, viewed as a whole, was sufficient to instruct the jury
as to how to assess the credibility of the witnesses in this case. Consequently,
Appellant's fourth claim merits no relief.

In his final claim, Appellant asserts that his sentence of life imprisonment without parole for second-degree murder violates due process. Appellant explains that "if his conviction for felony-murder cannot stand, due to insufficient evidence of a robbery, or a lack of proof that felonious intent was formed before the alleged shooting by [A]ppellant, then the mandatory sentence of life imprisonment cannot stand, either." Appellant's Brief at 21-22.

Because the precise focus of Appellant's laconic, half-page argument is difficult to grasp, we view the instant claim as analogous to those raised recently in **Commonwealth v. Rivera**, 238 A.3d 482 (Pa. Super. 2020), *appeal denied*, 250 A.3d 1158 (Pa. 2021), and **Commonwealth v. Lee**, 2023 WL 3961802 (Pa. Super. 2023), where Rivera and Lee challenged their mandatory life sentences under the Eighth Amendment to the United States Constitution, arguing that the penalties imposed upon them inflicted cruel and unusual punishments since the felony-murder rule did not account for diminished culpability or the blameworthiness and mental state of a defendant who allegedly had caused the death of another person. We rejected the claims raised in those cases and, as we remain bound by those decisions, we reject the claims raised by Appellant. **See Rivera**, 238 A.3d at 501-503 (rejecting appellant's claims that his sentence of life in prison without the possibility of parole for second-degree murder "constitutes cruel and unusual punishment because under the felony-murder rule, no regard is given to the culpability or

the mental state of a defendant who causes the death of another person, and thus the rule dictates a punishment that is without proportionality between the crime and has little legitimate deterrent or retributive rationale") (quotation marks, citations, and corrections omitted); *see also Lee*, 2023 WL 3961802 at *3 (Pennsylvania's mandatory scheme of punishment for second-degree murder does not run afoul of the Constitution simply because it differs from that of other States; there is no authority which raises doubts about the constitutional validity of any specific feature of the challenged scheme; and, no case has ever concluded that an individual, charged with homicide and who has attained the age of majority, may be viewed as having categorically-diminished culpability for purposes of considering whether the Eighth Amendment proscribes the imposition of a life-without-parole sentence). Accordingly, we conclude Appellant is not entitled to relief on his final claim.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/31/2023

- 13 -