J-S14012-15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| MICHAEL PINKNEY, | : | |
| | : | |
| Appellant | : | No. 389 EDA 2014 |

Appeal from the PCRA Order December 26, 2013,
Court of Common Pleas, Delaware County,
Criminal Division at No. CP-23-CR-0001251-2011

BEFORE:  DONOHUE, OLSON and MUSMANNO, JJ.

MEMORANDUM BY DONOHUE, J.:                    **FILED MARCH 24, 2015**

Michael Pinkney ("Pinkney") appeals pro se from the order entered on December 26, 2013 by the Court of Common Pleas of Delaware County, Criminal Division, denying his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

The PCRA court summarized the relevant facts and procedural history of this case as follows:

> On February 4, 2011, [Pinkney] was arrested and charged with First, Second and Third-Degree Murder, Robbery and various other related charges.
>
> On July 31, 2012, defendant entered into a negotiated plea to the charges of Murder in the Third Degree and Criminal Conspiracy to Commit Robbery. Immediately thereafter, the [c]ourt sentenced [Pinkney], consistent with the terms of the negotiated plea, to a sentence of [twelve to twenty-four] years [of] incarceration on the Murder charge and [ten] years [of] probation on the Conspiracy

charge. The Conspiracy sentence was concurrent to the Murder sentence. [Pinkney] did not file a post-sentence motion or an appeal to the Superior Court.

On July 10, 2013, [Pinkney] filed a pro se PCRA petition in which he alleged that his court-appointed counsel was ineffective in that he failed to direct the court's attention to inconsistent statements made by witnesses. Counsel also failed to move to suppress identification evidence.

This [c]ourt appointed Scott Galloway, Esq. to represent [Pinkney] in his petition. On October 17, 2013, Mr. Galloway issued and filed a "no merit" letter, in which he noted that [Pinkney] did not voice these concerns during the guilty plea and sentencing hearing. Had [Pinkney] proceeded to trial and been convicted of Third Degree Murder, the sentence would have been far more severe. Therefore, the allegations of ineffectiveness lack merit.

Mr. Galloway also advised the [c]ourt that his independent review of the record revealed no additional errors of a constitutional nature. He asked for leave to withdraw his representation. He sent a copy of his "no merit" letter and "Application to Withdraw Appearance" to [Pinkney].

On November 8, 2013, this [c]ourt issued a Notice of Intent to Dismiss Post Conviction Relief Action Petition Without a Hearing. [Pinkney] responded to that Notice. On December 26, 2013, this [c]ourt entered an Order dismissing the PCRA petition. [Pinkney] filed a Notice of Appeal.

On March 13, 2014, this [c]ourt issued an Order requiring that [Pinkney] file and serve a Concise Statement of Errors Complained of on Appeal within twenty-one days.

On April 21, 2014, [thirty-nine] days later, [Pinkney] filed a Concise Statement of Errors Complained of on Appeal.

PCRA Court Opinion, 5/12/14, at 1-2.

Because Pinkney did not file his pro se concise statement of the errors complained of on appeal within twenty-one days pursuant to the PCRA court's order and Rule 1925(b) of the Pennsylvania Rules of Appellate Procedure, the PCRA court found that Pinkney had waived all of the issues he wished to raise on appeal. *Id.* at 2-3. Consequently, the PCRA court's opinion does not address any of the issues Pinkney raised in his Rule 1925(b) statement. *See id.*

It is well-settled that "in order to preserve their claims for appellate review, Appellants must comply whenever the trial court orders them to file a Statement of Matters Complained of on Appeal pursuant to Rule 1925. Any issues not raised in a 1925(b) statement will be deemed waived." *Commonwealth v. Lord*, 719 A.2d 306, 309 (Pa. 1998). Additionally, this Court has held that "the waiver analysis set forth in *Lord* applied not only to cases where an appellant failed to file a concise statement or omitted appellate issues from a concise statement, but also to cases where he filed a court-ordered statement in an untimely manner." *Commonwealth v. Lane*, 81 A.3d 974, 979-80 (Pa. Super. 2013), *appeal denied*, 92 A.3d 811 (Pa. 2014). In *Commonwealth v. Hill*, 16 A.3d 484 (Pa. 2011), our Supreme Court stated the following with respect to waiver under Rule 1925(b) of the Pennsylvania Rules of Appellate Procedure:

> Our jurisprudence is clear and well-settled, and firmly establishes that: Rule 1925(b) sets out a simple bright-line rule, which obligates an appellant

> to file and serve a Rule 1925(b) statement, when so ordered; any issues not raised in a Rule 1925(b) statement will be deemed waived; the courts lack the authority to countenance deviations from the Rule's terms; the Rule's provisions are not subject to ad hoc exceptions or selective enforcement; appellants and their counsel are responsible for complying with the Rule's requirements; Rule 1925 violations may be raised by the appellate court sua sponte, and the Rule applies notwithstanding an appellee's request not to enforce it; and, if Rule 1925 is not clear as to what is required of an appellant, on-the-record actions taken by the appellant aimed at compliance may satisfy the Rule.

*Id.* at 494 (footnote omitted).

Based on our review of the certified record on appeal, the PCRA court was indeed correct in finding that Pinkney's Rule 1925(b) statement was untimely. Moreover, Pinkney did not file an application with the PCRA court pursuant to Rule 1925(b)(2) requesting a time extension for filing his Rule 1925(b) statement. *See* Pa.R.A.P. 1925(b)(2).[1] Accordingly, we must

---

[1] Rule 1925(b)(2) reads:

> (2) *Time for filing and service.*--The judge shall allow the appellant at least 21 days from the date of the order's entry on the docket for the filing and service of the Statement. Upon application of the appellant and for good cause shown, the judge may enlarge the time period initially specified or permit an amended or supplemental Statement to be filed. Good cause includes, but is not limited to, delay in the production of a transcript necessary to develop the Statement so long as the delay is not attributable to a lack of diligence in ordering or paying for such transcript by the party or counsel on appeal. In extraordinary circumstances, the judge

conclude that Pinkney has failed to preserve any issues for appeal, and we affirm the PCRA court's order dismissing his PCRA petition on that basis.

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/24/2015

---

may allow for the filing of a Statement or amended or supplemental Statement nunc pro tunc.

Pa.R.A.P. 1925(b)(2).