J-S32032-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| JOSHUA RYAN MOSLEY, | : | |
| | : | |
| Appellant | : | No. 1946 WDA 2014 |

Appeal from the PCRA Order entered on October 23, 2014
in the Court of Common Pleas of Erie County,
Criminal Division, No. CP-25-CR-0000291-2013

BEFORE:  SHOGAN, OLSON and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:                    **FILED JUNE 3, 2015**

Joshua Ryan Mosley ("Mosley") appeals from the Order dismissing his first Petition for relief pursuant to the Post Conviction Relief Act ("PCRA").  **See** 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

On January 6, 2013, Mosley and Jose Antonio Diaz ("Diaz") entered the Modern Adult store in Erie, Pennsylvania.  After perusing the movies in the store, Mosley, who was wearing a distinctive green jacket with a fur-trimmed hood, approached the store clerk, pointed a gun at his face and demanded money and products.  Mosley and Diaz took approximately $300.00 in cash, 94 bottles of Sonic Zero, and 49 packets of Purple Diesel.[1]

---

[1] "Both Sonic Zero and Purple Diesel were identified at trial as 'designer potpourri.'"  Trial Court Opinion, 9/17/13, at 2 n.2 (citing N.T., 5/20/13, at 40-42).  "Sonic Zero, selling for $24.00/small bottle & $39.99/large bottle, is an herbal incense.  Purple Diesel sells for $10/packet."  Trial Court Opinion, 9/17/13, at 2 n.2.

Mosley and Diaz then left the adult store and ran to the City Mission Shelter, which was approximately two blocks from the store.

Officer Jerry Devine ("Officer Devine") received a radio dispatch regarding the robbery and a description of the two perpetrators. Upon arriving at the adult store, a bystander on the street told Officer Devine that the perpetrators had run into the City Mission Shelter. Officer Devine entered the shelter where he encountered Mosley and Diaz. Mosley and Diaz were found in possession of a gun, money, and the stolen items from the store. The police arrested Mosley and Diaz.

Following a jury trial, Mosley was convicted of criminal conspiracy, robbery, theft by unlawful taking, receiving stolen property, possessing instruments of crime, and terroristic threats. On June 24, 2013, the trial court sentenced Mosley to an aggregate prison term of eight to sixteen years. On May 7, 2014, this Court affirmed the judgment of sentence. *See* *Commonwealth v. Mosley*, 104 A.3d 40 (Pa. Super. 2014) (unpublished memorandum).

Mosley filed the instant PCRA Petition on July 17, 2014. The PCRA court appointed Mosley counsel, who subsequently filed a *Turner*/*Finley*[2] "no-merit" letter and a Petition to Withdraw as Counsel. The PCRA court issued a Notice of Intent to Dismiss without a Hearing, but denied the

---

[2] *See* *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988); *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

Petition to Withdraw. On October 23, 2014, the PCRA court dismissed Mosley's Petition.

Mosley filed a timely Notice of Appeal. The PCRA court ordered Mosley to file a Pennsylvania Rule of Appellate Procedure 1925(b) concise statement. Mosley filed a timely Concise Statement and the PCRA court issued an Opinion.

On appeal, Mosley raises the following questions for our review:

A. Whether the PCRA [c]ourt committed legal error and abused its discretion in dismissing [Mosley's PCRA Petition] in that trial counsel was ineffective in failing to file a suppression motion predicated on [Mosley's] assertion that he was arrested with a full body search, with no search warrant and interrogated and compelled to engage in questioning by authorities with no *Miranda*[3] warnings and without counsel present?

B. Whether the PCRA [c]ourt committed legal error and abused its discretion in denying relief based on [Mosley's] challenge to [trial] counsel's representation in various respects[,] including the failure to pursue any [Pa.R.Crim.P. 600] motion and failure to pursue a defense or seek sentencing modification, bail reduction, or discovery[,] and a general failure to engage in any defense strategy?

C. Whether the PCRA [c]ourt committed legal error and abused its discretion in denying relief in that [Mosley's] right to confrontation was violated in that a police officer testifying at trial referenced a statement of an unknown black man, who was never presented as a witness at trial?

---

[3] *Miranda v. Arizona*, 384 U.S. 436 (1966).

Brief for Appellant at 2 (footnote added).[4]

"This Court's standard of review regarding an order dismissing a PCRA petition is whether the determination of the PCRA court is supported by evidence of record and is free of legal error." **Commonwealth v. Brandon**, 51 A.3d 231, 233 (Pa. Super. 2012). "In evaluating a PCRA court's decision, our scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the trial level." **Id**. (citation omitted).

Mosley initially contends that his trial counsel was ineffective for failing to file a suppression motion. Brief for Appellant at 4. Mosley argues that the police wrongly identified him as the perpetrator because he did not possess the stolen items when the police arrested him, and he did not match the victim's identification of the perpetrator as a Puerto Rican wearing a green coat. **Id**. at 4-5. Mosley also asserts that the witness's identification was highly suggestive because (1) the police had asked the witness if Mosley was the perpetrator after pulling him out of a police car while he was handcuffed; and (2) the stolen items were in plain view on top of the police car. **Id**. Mosley claims that the police conduct caused an unnecessarily suggestive identification, which resulted in his denial of due process of law.

---

[4] Contrary to the requirement of Pennsylvania Rule of Appellate Procedure 2119(a), Mosley has failed to divide his argument "into as many parts as there are questions to be argued[.]" Pa.R.A.P. 2119(a). Further, Mosley does not include "at the head of each part--in distinctive type or in type distinctively displayed--the particular point treated therein[.]" **Id**. Despite these defects, we will address Mosley's claims, as set forth in his argument.

*Id*. at 5. Mosley further claims that the Commonwealth was barred from using the evidence against him since he was not in possession of the stolen items at the time of the arrest. *Id*. at 6.

Here, Mosley failed to present this suppression issue in his PCRA Petition, or otherwise in the PCRA court, and failed to raise it in his Rule 1925(b) Concise Statement. Instead, in his Petition and Concise Statement, Mosley contends that his counsel was ineffective for failing to file a suppression motion based upon the assertion that the police arrested and searched him without a warrant and interrogated him without providing *Miranda* warnings.[5] *See* PCRA Petition, 7/17/14, at 3; *see also* Concise Statement, 12/8/14, at 1 (unnumbered).

It is well-settled that "issues not raised in a PCRA petition cannot be considered on appeal." *Commonwealth v. Ousley*, 21 A.3d 1238, 1242 (Pa. Super. 2011) (citation omitted); *see also* Pa.R.Crim.P. 902(B) (stating that "[e]ach ground relied upon in support of the relief requested shall be stated in the [PCRA] petition. Failure to state such a ground in the petition shall preclude the defendant from raising that ground in any proceeding for post-conviction collateral relief."). Moreover, "[a]ny issues not raised in a 1925(b) statement will be deemed waived." *Commonwealth v. Lane*, 81 A.3d 974, 979 (Pa. Super. 2013) (citation omitted). As Mosley only raised

---

[5] Mosley also raised this claim in his Statement of Questions Presented. However, Mosley does not present any pertinent analysis to support the claim in the argument section of his brief.

the suppression issues presented in his brief for the first time on appeal, we conclude that the claims are waived.

Mosley also contends that his trial counsel was ineffective for failing to file a discovery motion. Brief for Appellant at 6. Mosley argues that trial counsel was unaware of the witnesses and evidence that the Commonwealth introduced at trial, and was thus not properly prepared to present a defense. ***Id***.[6]

Here, Mosley failed to provide any pertinent analysis or cite to any relevant authority to support his bald claim. Indeed, Mosley does not cite to any specific evidence counsel could have obtained through discovery that would have changed the outcome of the case. It is well-settled that the argument portion of an appellate brief must be developed with pertinent discussion of the issue, which includes citations to relevant authority. ***See*** Pa.R.A.P. 2119(a); ***see also Commonwealth v. Knox***, 50 A.3d 732, 748 (Pa. Super. 2012) (stating that "[t]his Court is neither obliged, nor even particularly equipped, to develop an argument for a party.") (citation omitted). Since Mosley failed to set forth a relevant discussion to support his claim, we conclude that the claim is waived on appeal. ***See Knox***, 50 A.3d at 748 (stating that "[w]hen an appellant fails to develop his issue in an argument and fails to cite any legal authority, the issue is waived.") (citation omitted).

---

[6] Mosley does not set forth an argument related to counsel's failure to file a Rule 600 motion. Thus, this claim is waived.

Mosley next contends that the prosecutor improperly interjected opinions and personal belief during closing arguments. Brief for Appellant at 6-7. Mosley argues that the prosecutor improperly asserted that Mosley had abandoned Diaz and did not care about him when the police approached the shelter. *Id*. at 6.

Mosley's prosecutorial misconduct claim is not cognizable under the PCRA. *See* 42 Pa.C.S.A. § 9543(a)(2) (enumerating the bases for relief under the PCRA). Thus, this Court cannot grant him relief on this claim.

Mosley finally contends that his "right to confrontation was violated in that a police officer testifying at trial referenced a statement of an unknown black man, who was never presented as a witness at trial." Brief for Appellant at 7. However, aside from this single sentence, Mosley fails to cite to the place in the record where the testimony was purportedly given or provide any pertinent analysis or citation to case law to support this bald allegation. *See* Pa.R.A.P. 2119(a). Thus, Mosley's claim is waived on appeal. *See Knox*, 50 A.3d at 748.[7]

Order affirmed.

---

[7] In any event, the claim is not cognizable under the PCRA. *See* 42 Pa.C.S.A. § 9543(a)(2).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/3/2015