J-S03019-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JEFFERY P. DEAN | |
| Appellant | No. 965 EDA 2015 |

Appeal from the PCRA Order March 4, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-1009931-1974

BEFORE:  FORD ELLIOTT, P.J.E., OTT, J., and JENKINS, J.

MEMORANDUM BY OTT, J.:                    **FILED MARCH 08, 2016**

Jeffery[1] P. Dean brings this *pro se* appeal from the order entered on March 4, 2015, in the Court of Common Pleas of Philadelphia County, that dismissed as untimely his serial petition seeking relief pursuant to the Pennsylvania Post Conviction Relief Act, 42 Pa.C.S. §§ 9541—9546.  The sole argument presented in this appeal is:  "[W]hether the U.S. Supreme Court's ruling in *Miller v. Alabama*[, 567 U.S. ___, 132 S. Ct. 2455 (2012) (filed June 25, 2012)] applies retroactively in the State of Pennsylvania."  Dean's Brief at 4 (unnumbered).  Based upon the following, we reverse, vacate the judgment of sentence, and remand for resentencing.

---

[1] In the certified record, appellant's first name appears as both "Jeffery" and "Jeffrey."

On January 22, 1975, Dean entered a negotiated guilty plea to charges of murder, generally, robbery, burglary and conspiracy.[2] The trial court fixed the degree of guilt as murder of the first degree.[3] Dean was sentenced to a mandatory sentence of life imprisonment without parole on the murder charge and sentence was suspended on the remaining charges. No direct appeal was filed. Thereafter, Dean filed a petition pursuant to the Post Conviction Hearing Act (PCHA), which was denied by the PCHA court. On appeal, this Court affirmed the denial of post-conviction relief. *Commonwealth v. Dean*, 481 A.2d 1371 (Pa. Super. 1984) (unpublished memorandum). On January 17, 1985, the Pennsylvania Supreme Court denied Dean's request for allowance of appeal. *Commonwealth v. Dean*, 658 E.D. Allocatur Docket 1984. Between 2005 and 2009, Dean filed a number of unsuccessful PCRA petitions.

On August 15, 2011, Dean filed, *pro se*, the present PCRA petition. On August 23, 2012, Dean filed an amended petition, seeking relief pursuant to *Miller, supra*. In *Miller*, the United States Supreme Court held that it is unconstitutional for state courts to impose an automatic life sentence without possibility of parole upon a homicide defendant for a murder

---

[2] 18 Pa.C.S. §§ 2502, 3701, 3502, and 903, respectively.

[3] 18 Pa.C.S. § 2502(a).

committed while the defendant was a juvenile. The PCRA court dismissed Dean's petition, following Rule 907 notice, and this appeal followed.

The PCRA court, in its opinion in support of its ruling, explained that it denied PCRA relief for two reasons: (1) "[T]o date, the United States Supreme Court has not issued a ruling declaring that *Miller* applies retroactively," and (2) "Petitioner was over 18 years old at the time of the murder, which puts him outside the reach of the Supreme Court's *Miller* decision." PCRA Court Opinion, 3/4/2015, at 2 (unnumbered).

Our standard of review of the denial of a PCRA petition is limited to examining whether the evidence of record supports the court's determination and whether its decision is free of legal error. ***Commonwealth v. Lane***, 81 A.3d 974, 977 (Pa. Super. 2013), *appeal denied*, 92 A.3d 811 (Pa. 2014). This Court gives great deference to the findings of the PCRA court if the record contains any support for those findings. ***Commonwealth v. Boyd***, 923 A.2d 513 (Pa. Super. 2007), *appeal denied*, 932 A.2d 74 (Pa. 2007). We give no such deference, however, to the court's legal conclusions. ***Commonwealth v. Ford***, 44 A.3d 1190, 1194 (Pa. Super. 2012).

We first address the PCRA court's finding that Dean was over 18 at the time of the murder, since *Miller* applies to "those **under the age of 18** at the time of their crimes[.]" 567 U.S. ___, 132 S. Ct. at 2460 (emphasis added). Here, the trial court docket, and other court documents in the certified record, indicate Dean was born on August 8, 1957, making him 17

- 3 -

years of age at the time of the commission of the September 25, 1974 murder. ***See e.g.,*** Trial Court Docket; Interview Sheet, 9/27/74; Arrest Report (green sheet).[4]  As the record indicates Dean was 17 years old at the time of the offense, we will proceed to discuss ***Miller***.

On January 25, 2016, while this appeal was pending, the United States Supreme Court held in ***Montgomery v. Louisiana***, 193 L. Ed. 2d 599, 2016 WL 280758 (U.S. 2016), that its decision in ***Miller*** applies retroactively. Shortly after the ***Montgomery*** decision, on February 9, 2016, this Court issued ***Commonwealth v. Secreti***, ___ A.3d ___ [2016 PA Super 28] (Pa. Super. 2016). There, Secreti was sentenced on January 5, 1996, to automatic life imprisonment without possibility of parole for committing first degree murder as a juvenile. On August 15, 2012, within 60 days of the ***Miller*** decision, Secreti filed a PCRA petition, invoking the PCRA's timeliness exception for a new retroactive constitutional right, and seeking relief under ***Miller***. ***See*** 42 Pa.C.S. § 9545(b)(1)(iii), (b)(2).[5]  This Court held that (1)

---

[4] The Commonwealth notes in its brief:

> The PCRA court opinion states that [Dean] "was over 18 years old at the time of the murder." … It appears from the docket, however, that [Dean] was born on August 8, 1957, and he was arrested for the instant crimes in September of 1974.  Thus, he was presumably seventeen years old at the time of the murder.

Commonwealth's Brief at 6–7 n.2.

[5] Section 9545(b)(1)(iii) provides a timeliness exception where "the right asserted is a constitutional right that was recognized by the Supreme Court
*(Footnote Continued Next Page)*

*Miller* applied retroactively to Secreti's sentence, and Secreti satisfied the requirements of Section 9545(b)(1)(iii), (2) Secreti's sentence was unconstitutional under *Miller*, and (3) Secreti was entitled to a new sentencing hearing in accordance with *Commonwealth v. Batts*, 66 A.3d 286, 296 (Pa. 2013).[6]

*Secreti* squarely applies to this case. In 1975, following the entry of a guilty plea, Dean was sentenced to life imprisonment without parole for first degree murder, and sentence was suspended on the remaining charges. Dean timely raised his *Miller* claim in an amended PCRA petition, filed August 23, 2012, and his appeal from the denial of PCRA relief was pending before this Court when the United States Supreme Court issued *Montgomery*. Guided by *Secreti*, we conclude (1) *Miller* applies retroactively to Dean's sentence, and Dean has satisfied the PCRA's timeliness exception, 42 Pa.C.S. § 9545(b)(1)(iii), (2) Dean's sentence is

*(Footnote Continued)* ───────────────

of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively." 42 Pa.C.S. § 9545(b)(1)(iii).

Section 9545(b)(2) provides: "Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

[6] In *Commonwealth v. Batts*, 66 A.3d 286, 296 (Pa. 2013), the Pennsylvania Supreme Court stated, "*Miller* requires only that there be judicial consideration of the appropriate age-related factors set forth in that decision prior to the imposition of a sentence of life imprisonment without the possibility of parole on a juvenile."

unconstitutional under *Miller*, and (3) Dean is entitled to a new sentencing hearing.

Accordingly, we reverse the PCRA court's order denying relief to Dean, we vacate Dean's judgment of sentence, and we remand to the PCRA court for resentencing in accordance with *Batts, supra*.

Order reversed. Judgment of sentence vacated. Case remanded for resentencing. Jurisdiction relinquished.

Judgment Entered.



Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/8/2016