J-S03025-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| KEVIN VAN CLIFF | |
| Appellant | No. 1084 EDA 2015 |

Appeal from the PCRA Order March 25, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0207921-1973

BEFORE:  FORD ELLIOTT, P.J.E., OTT, J., and JENKINS, J.

MEMORANDUM BY OTT, J.:                    **FILED MARCH 09, 2016**

Kevin Van Cliff appeals from the order entered on March 25, 2015, in the Court of Common Pleas of Philadelphia County, that dismissed as untimely his serial petition for relief pursuant to the Pennsylvania Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  In his counseled brief, he presents two questions for review:  1) "Should this Court stay these proceedings pending the United States Supreme Court's decision in **Montgomery v. Louisiana**?", and 2) "Did the PCRA court err in dismissing [Van Cliff's] PCRA petition in which he alleged that under the authority of **Miller v. Alabama**, 132 S. Ct. 2455 (2012) and the Pennsylvania Constitution his sentence of mandatory life imprisonment is unconstitutional…".  Van Cliff's Brief at 3.  Based upon the following, we reverse, vacate the judgment of sentence, and remand for resentencing.

The Pennsylvania Supreme Court set forth the background of this case, as follows:

Appellant Kevin Van Cliff was tried before a jury and convicted of murder of the first degree, aggravated robbery, and conspiracy in connection with the slaying of Howard Anderson. Post-verdict motions were denied and appellant was sentenced to life imprisonment on the murder bill and a concurrent term of five to fifteen years imprisonment on the aggravated robbery charge. Sentence was suspended on the conspiracy conviction. …

**** 

[O]n December 6, 1972, [Van Cliff] and four other youths (Terry Purdie, Fred Young, Al Gilmore, and Paul Hayes) were in a luncheonette at 28th and Wharton Streets in Philadelphia when Howard Anderson entered. Two of the boys decided to "get" Anderson and told the others of their plan. When Anderson left the luncheonette all five youths followed him, passed him, and waited around the corner of 28th and Titan Streets. As Anderson turned the corner, Young told him to give up his money. Purdie hit Anderson, after which [Van Cliff] and Young kicked him. Gilmore then fatally stabbed Anderson.

**Commonwealth v. Van Cliff**, 397 A.2d 1173, 1175 (Pa. 1979), *cert. denied*, 441 U.S. 964 (1979). Van Cliff was 15 years old when he participated in the murder.[1]

The PCRA court summarized the ensuing procedural history:

September 18, 1974[:] Found guilty after a jury trial

March 3, 1975:        Sentenced to life imprisonment for 1st degree murder

_____

[1] The certified record reflects that Van Cliff's date of birth is March 29, 1957, and the murder occurred on December 6, 1972.

| | |
|---|---|
| January 24, 1979: | Judgment of Sentence affirmed by Supreme Court |
| July 23, 1979: | *Pro se* PCHA petition filed – Counsel appointed |
| January 12, 1984: | First petition dismissed |
| June 21, 1985: | Dismissal affirmed by Superior Court |
| October 1986-March 1997[:] | Multiple post-conviction petitions unsuccessfully pursued |
| June 5, 2010: | Instant PCRA Petition filed |
| July 2012 through December 2013: | Amended PCRA Petitions filed |

PCRA Court Order and Opinion, 3/25/2015, at 1. On March 25, 2015, following Rule 907 notice, the PCRA court dismissed the instant petition, and Van Cliff filed this appeal.

Our standard of review of the denial of a PCRA petition is limited to examining whether the evidence of record supports the court's determination and whether its decision is free of legal error. ***Commonwealth v. Lane***, 81 A.3d 974, 977 (Pa. Super. 2013), *appeal denied*, 92 A.3d 811 (Pa. 2014). This Court gives great deference to the findings of the PCRA court if the record contains any support for those findings. ***Commonwealth v. Boyd***, 923 A.2d 513 (Pa. Super. 2007), *appeal denied*, 932 A.2d 74 (Pa. 2007). We give no such deference, however, to the court's legal conclusions. ***Commonwealth v. Ford***, 44 A.3d 1190, 1194 (Pa. Super. 2012).

On January 25, 2016, while this appeal was pending, the United States Supreme Court held in **Montgomery v. Louisiana**, 193 L. Ed. 2d 599, 2016 WL 280758 (U.S. 2016), that its decision in **Miller v. Alabama**, 567 U.S. ___, 132 S.Ct. 2455, 183 L. Ed. 2d 407 (2012) (filed June 25, 2012), applies retroactively. **Miller** held that it is unconstitutional for state courts to impose an automatic life sentence without possibility of parole upon a homicide defendant for a murder committed while the defendant was a juvenile.

Shortly after the **Montgomery** decision, on February 9, 2016, this Court issued **Commonwealth v. Secreti**, ___ A.3d ___ [2016 PA Super 28] (Pa. Super. 2016). There, Secreti was sentenced on January 5, 1996, to automatic life imprisonment without possibility of parole for committing first degree murder as a juvenile. On August 15, 2012, within 60 days of the **Miller** decision, Secreti filed a PCRA petition, invoking the PCRA's timeliness exception for a new retroactive constitutional right, and seeking relief under **Miller**. **See** 42 Pa.C.S. § 9545(b)(1)(iii), (b)(2).[2] This Court held that (1)

_____

[2] Section 9545(b)(1)(iii) provides a timeliness exception where "the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively." 42 Pa.C.S. § 9545(b)(1)(iii).

Section 9545(b)(2) provides: "Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).
*(Footnote Continued Next Page)*

- 4 -

*Miller* applied retroactively to Secreti's sentence, and Secreti satisfied the requirements of Section 9545(b)(1)(iii), (2) Secreti's sentence was unconstitutional under *Miller*, and (3) Secreti was entitled to a new sentencing hearing in accordance with *Commonwealth v. Batts*, 66 A.3d 286, 296 (Pa. 2013).[3]

*Secreti* squarely applies to this case. In 1975, Van Cliff was sentenced to life imprisonment without parole for first degree murder for a murder he committed as a 15 year old juvenile. He was also sentenced to a concurrent term of five to 15 years' incarceration for aggravated robbery; on his conspiracy conviction sentence was suspended. Van Cliff timely raised his *Miller* claim in an amended PCRA petition, filed July 16, 2012, and his appeal from the denial of PCRA relief was pending before this Court when the United States Supreme Court issued *Montgomery*. Guided by *Secreti*, we conclude (1) *Miller* applies retroactively to Van Cliff's sentence, and Van Cliff has satisfied the PCRA's exception, 42 Pa.C.S. § 9545(b)(1)(iii), (2) Van Cliff's sentence is unconstitutional under *Miller*, and (3) Van Cliff is entitled to a new sentencing hearing.

*(Footnote Continued)* _____

[3] In *Commonwealth v. Batts*, 66 A.3d 286, 296 (Pa. 2013), the Pennsylvania Supreme Court stated, "*Miller* requires only that there be judicial consideration of the appropriate age-related factors set forth in that decision prior to the imposition of a sentence of life imprisonment without the possibility of parole on a juvenile."

Accordingly, we reverse the PCRA court's order denying relief to Van Cliff, we vacate Van Cliff's judgment of sentence, and we remand to the PCRA court for resentencing in accordance with **Batts, supra**.

Order reversed. Judgment of sentence vacated. Case remanded for resentencing. Jurisdiction relinquished. Van Cliff's application for remand is dismissed as moot.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/9/2016