J-S37010-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DARRIAN DEANS | : | |
| | : | |
| Appellant | : | No. 3082 EDA 2017 |

Appeal from the PCRA Order August 15, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0007584-2007

BEFORE:  BOWES, J., KUNSELMAN, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY BOWES, J.:                **FILED SEPTEMBER 19, 2019**

Darrian Deans appeals from the August 15, 2017 order dismissing his PCRA petition without a hearing.  After thorough review, we affirm.

The facts underlying the convictions were summarized by this Court on direct appeal:

> On October 2, 2006, William Hilton and Darnell DeLoatch were talking on the 1700 block of South 55th Street in Philadelphia.  At approximately 8:30 p.m., two men, both with handguns, approached the pair.  They opened fire, and both Hilton and DeLoatch were shot multiple times.  Both men died from their wounds.  Elissa Carter, who lived right across the street from where the shootings took place, was later able to identify [Appellant] as one of the perpetrators.  In addition, various neighbors gave testimony identifying [Appellant] and his co-defendant, Ronsean Johnson, as perpetrators of the crimes.

***Commonwealth v. Deans***, 981 A.2d 915 (Pa.Super. 2009) (unpublished memorandum at 1).  The record reveals further that a young woman, J.W.,

testified that Appellant admitted to her that he and "his bull"[1] killed "Keem's cousins."[2]  N.T. Trial (Jury), 2/20/08, at 80.

In February 2008, Appellant and Johnson were tried together and the jury found them both guilty of two counts of first-degree murder and one count of criminal conspiracy.  The court sentenced Appellant to two consecutive life sentences on the murder convictions and a consecutive term of ten to twenty years of imprisonment on the conspiracy charge.  This Court affirmed judgment of sentence on direct appeal.  ***Deans***, ***supra***.  The Supreme Court denied allowance of appeal.  ***Commonwealth v. Deans***, 40 A.3d 120 (Pa. 2012).

Appellant filed this timely *pro se* PCRA petition on August 21, 2012, and counsel was appointed.  Appellant filed a *pro se* amended PCRA petition on May 27, 2015.  Thereafter, counsel was permitted to withdraw, and new counsel was appointed to represent Appellant.  Counsel filed a ***Turner/Finley*** no-merit letter on April 10, 2017, and a motion to withdraw.  After conducting its review of the no-merit letter and the certified record, the trial court issued Pa.R.Crim.P. 907 notice of its intention to dismiss the petition without an evidentiary hearing.  Appellant filed a response, following which the court dismissed the petition and granted counsel's motion to withdraw.

---

[1]  The term "bull" was interpreted as "friend."  ***See*** N.T. (Motion), 2/13/08, at 4.

[2]  We use initials as J.W. was a minor at the time of the events herein.

Appellant timely appealed and complied with the PCRA court's order to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. He presents nine issues that we have re-ordered for ease of disposition:

I.      Was defense counsel constitutionally ineffective in not challenging the Commonwealth's use of [J.W.'s] testimony as "other crimes evidence[?]"

II.     Whether trial counsel was ineffective for failing to oppose the Commonwealth's use of [J.W.'s] testimony as extraneous evidence of another crime, and the Commonwealth's use of this extraneous evidence to form the basis of the affidavit of probable cause to arrest and seize items from Appellant's home[?]

III.    Was defense counsel constitutionally ineffective in not moving for severance because of other crimes implications that tended to prejudice [Appellant] and co[-]defendant[?]

IV.     Was defense counsel constitutionally ineffective in not challenging the admissibility of [D.D.]'s testimony[?]

V.      Was defense counsel constitutionally ineffective in failing to challenge the authenticity of the photos unlawfully seized from [Appellant's] house[?]

VI.     Was defense counsel constitutionally ineffective in failing to object and raise on direct appeal issues of prosecutorial misconduct[?]

VII.    Was defense counsel constitutionally ineffective for failing to call [Appellant's] alibi witnesses and lying to witnesses and [Appellant], as to what each one said to the other constituting a fraud on court[?]

VIII.   Is [sic] the affidavits from Hakeem Harris and Latanya McKoy evidence, when affidavits exonerate [Appellant] from crime and or exclude evidence from being introduced, and also prove Atty. Hoof frauded on court[?]

IX.     Did PCRA court err in dismissing PCRA petition where Appellant [should be] considered a child by the

Commonwealth due to being on juvenile probation until age of 21[?]  At the time of this offense [Appellant] was 20 years old, and on juvenile probation.

Appellant's brief at 1-2.

Our standard of review from the denial of a PCRA petition "is limited to examining whether the PCRA court's determination is supported by the evidence of record and whether it is free of legal error." *Commonwealth v. Lane*, 81 A.3d 974, 977 (Pa.Super. 2013).  "The PCRA court's credibility determinations, when supported by the record, are binding on this Court; however, we apply a *de novo* standard of review to the PCRA court's legal conclusions." *Commonwealth v. Mitchell*, 105 A.3d 1257, 1265 (Pa. 2014).

Most of Appellant's issues on appeal are claims of ineffective assistance of counsel.  In order to prevail on such a claim, a defendant "must show, by a preponderance of the evidence, ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." *Commonwealth v. Turetsky*, 925 A.2d 876, 880 (Pa.Super. 2007) (citation omitted).  As we recently reiterated in *Commonwealth v. Sandusky*, 203 A.3d 1033, 1043-44 (Pa.Super. 2019), in order to prove ineffectiveness, the petitioner has the burden of establishing all three of the following prongs: "(1) the underlying claim is of arguable merit; (2) that counsel had no reasonable strategic basis for his or her action or inaction; and (3) but for the errors and omissions of counsel, there is a reasonable

probability that the outcome of the proceedings would have been different." *Id*. "A failure to satisfy any prong of the ineffectiveness test requires rejection of the claim of ineffectiveness." ***Commonwealth v. Daniels***, 963 A.2d 409, 419 (Pa. 2009).

A claim has arguable merit when the factual averments, if true, would entitle the petitioner to relief. ***See Commonwealth v. Jones***, 876 A.2d 380, 385 (Pa. 2005). This is a legal question. The test for determining whether counsel had a reasonable basis for his action is an objective one: whether no competent counsel would have chosen that course or, the alternative not chosen offered a significantly great likelihood of success. ***Commonwealth v. Stewart***, 84 A.3d 701, 707 (Pa.Super. 2013). In order to establish prejudice, a petitioner must demonstrate a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. ***Id***. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." ***Id***. If a petitioner fails to satisfy the prejudice prong, "the claim may be dismissed on that basis alone and the court need not first determine whether the first and second prongs have been met." ***Commonwealth v. Rios***, 920 A.2d 790, 799 (Pa. 2007).

Appellant claims first that trial counsel was ineffective in failing to object to J.W.'s testimony as "other crimes evidence" inadmissible under Pa.R.E. 404(b). J.W. testified, *inter alia*, that Appellant pointed a gun at her and asked her what she knew about the murders, *i.e.*, "people being killed in Southwest

Philly a month or two before?" N.T. Trial (Jury), 2/20/08, at 80. When she denied knowledge, he told her that "Keem" owed him money and that he and "his bull" had murdered Keem's two cousins. *Id*.

The Commonwealth points out that trial counsel filed a motion *in limine* to exclude the foregoing testimony as impermissible "other crimes" evidence that improperly showed his propensity to commit criminal acts and that he acted in accordance therewith. *See* Pa.R.E. 404(b). Following argument, the motion was denied. *See* N.T. (Motion), 2/13/08, at 10. More importantly, the Commonwealth maintains that although evidence that Appellant pointed a gun at J.W. was evidence of another crime, it was highly relevant in establishing that Appellant had access to a gun. Moreover, Appellant's statement that he and "his bull" killed two people was not other crimes evidence, but an admission of guilt of the crimes for which he was on trial.

The record confirms that trial counsel filed a motion *in limine* based on Rule 404(b) to exclude this evidence. *See* N.T. Pre-Trial Motions, 2/13/08, at 3-11. Thus, the factual predicate of Appellant's ineffectiveness claim fails. Hence, there is no arguable merit in Appellant's contention that counsel was ineffective in this regard, and no relief is due.

Appellant alleges next that counsel was ineffective for failing to challenge the Commonwealth's use of J.W.'s information to establish probable cause to arrest him and search his home. We construe this argument as a claim that counsel should have moved to suppress the evidence obtained from

the search of his home based on a lack of probable cause for the search warrant. Appellant appears to argue that J.W.'s statement was inadmissible evidence, and therefore, it could not be used by police to support the showing of probable cause for the search warrant.

J.W. told police that Appellant pointed a gun at her in his home, and further, he admitted his participation in the killings. There is no requirement that information constitute admissible evidence in order to serve as basis for probable cause. **See Commonwealth v. Woosnam**, 819 A.2d 1198 (Pa.Super. 2003) (holding an affidavit for probable cause can be founded on hearsay). The affidavit need only contain information sufficient to persuade a reasonable person that probable cause existed to conduct a search. **Id**. The issuing authority views the information in a common sense manner to determine the fair probability of criminal activity and that contraband or evidence of a crime will be found in a particular place. **Id**.

As the PCRA court aptly noted, counsel had no basis to attack the sufficiency of the affidavit of probable cause based on information gleaned from J.W.'s statement. Appellant's incriminating statement that he killed two people was, in the trial court's view, "the epitome of facts upon which probable cause may be established." PCRA Court Opinion, 11/13/17, at 7. Furthermore, Appellant does not allege or offer to prove that the affiant, Detective Charles Boyle, did not have a good faith belief in the truth of that information. The court found that the affiant "rightly included" J.W.'s

information in the affidavit, and furthermore, that the statement supported a finding of probable cause for the search warrant for Appellant's home.[3] We find no showing of arguable merit to support a claim of counsel ineffectiveness in this regard, and thus, this claim fails.

Appellant was tried with his co-defendant Ronsean Johnson.[4] Appellant claims that counsel was ineffective in failing to move for severance as their defenses were antagonistic. In support thereof, he points to the court's exclusion of evidence that one of the victims robbed his co-defendant and that his co-defendant wanted revenge. In addition, he alleges that since J.W.'s statement linked the two men together, its admission was prejudicial to his co-defendant.

The Commonwealth counters that severance was not warranted herein and counsel was not ineffective for failing to request it. Commonwealth's brief at 13. According to the Commonwealth, the crimes charged against both defendants arose out of the same facts, much of the same evidence was applicable to both, and judicial economy was promoted by eliminating the duplication of separate proceedings. Furthermore, conspiracy was charged,

---

[3] The court noted that even if that information had been excluded, "the information from [J.W.] that defendant committed a rape . . . established probable cause to search defendant's residence. N.T. Pre-Trial Motions, 2/13/08, at 16.

[4] Ronsean Johnson is also known as Ronsean Jackson and Sean Jackson. Throughout the trial, he was referred to as Mr. Jackson.

and generally, conspiring co-defendants should be charged together. The Commonwealth contends that this was not a situation where the co-defendants' defenses were so antagonistic as to be irreconcilable and result in prejudice if pursued at a joint trial. **Commonwealth v. Lambert**, 603 A.2d 568, 573 (Pa. 1992).

The PCRA court noted first that joint trials of co-defendants are favored in Pennsylvania, especially where the crimes charged arise out of the same facts and the majority of the evidence is admissible against both co-defendants. PCRA Court Opinion, 11/13/17, at 10-11 (and cases cited therein). Second, it reasoned that severance should be granted only where the defenses of each are so antagonistic as to be irreconcilable. **Id**. at 11 (citing **Commonwealth v. Williams**, 720 A.2d 679, 685 (Pa. 1998). Our Supreme Court defined "irreconcilable defenses" in **Commonwealth v. Brown**, 925 A.2d 147, 162 (Pa. 2007): "the jury essentially would be forced to disbelieve the testimony on behalf of one defendant in order to believe the defense of his co-defendant." The PCRA court reasoned that the fact that Appellant's co-defendant may have had a motive to kill one of the victims did not establish a defense for Appellant or cause the jury to choose between conflicting defenses. PCRA Court Opinion, 11/13/17, at 12. In addition, the court noted that a defendant must demonstrate actual prejudice from the joint trial, which Appellant did not do. **Id**. The fact that J.W.'s testimony may have prejudiced Appellant's co-defendant did not provide a basis to sever as J.W.'s

testimony did not provide a defense for co-defendant Johnson or exculpate him in the shootings. *Id*. We find no error or abuse of discretion in the PCRA court's determination that Appellant failed to demonstrate arguable merit or prejudice in support of his claim that counsel was ineffective in failing to seek severance.

Next, Appellant claims his counsel was ineffective for failing to object to the testimony of a thirteen-year-old eyewitness, D.D., on competency grounds. D.D. was eleven years old when he witnessed the murders, and he identified Appellant as the shooter shortly thereafter.

The record reveals that co-defendant Johnson challenged the admission of D.D.'s testimony on competency grounds, and a hearing was held outside the presence of the jury. N.T. Trial (Jury), 2/19/08, at 161-68. The trial court determined that D.D. was competent to testify as he was able to communicate, understood the difference between a lie and the truth, could recall the events about which he would testify, understood the duty to tell the truth, and the roles of the persons involved in the trial. *See Commonwealth v. Delbridge*, 855 A.2d 27, 39 (Pa. 2003). Hence, the trial court overruled co-defendant's competency objection, and this Court affirmed that ruling in co-defendant Johnson's appeal. *See Commonwealth v. Johnson*, 986 A.2d 1257 (Pa.Super. 2009) (unpublished memorandum).

We find that Appellant has not established any prejudice due to the failure of his counsel to object on this ground where a similar objection was

made by co-defendant's counsel, overruled, and upheld by this Court on appeal. Appellant has not even suggested how his counsel's participation would have changed the outcome of the competency hearing. Thus, Appellant has failed to establish the arguable merit and prejudice prongs of an ineffective assistance claim.

Appellant's next ineffectiveness claim pertains to his counsel's failure to object to the admission of a photograph recovered from his home that depicts Appellant and his co-defendant in a Chinese store located near the scene of the murders.[5] Appellant maintains that his counsel should have objected to the admission of the photograph based on a lack of authentication. He also complains that counsel should have objected because the purported authentication testimony from Detective Charles Boyle, *i.e.*, that he was familiar with the location seen in the photograph and that Appellant and his co-defendant were portrayed therein, was offered after the photograph was admitted.

We note first that both Appellant's counsel and co-defendant Johnson's attorney objected to the admission of the photograph based on a lack of authentication prior to trial. N.T. (Motion), 2/13/08, at 15-23. Counsel for co-defendant renewed that objection at trial, and it was overruled. N.T. Trial

_____

[5] Although the person identified as co-defendant Johnson is depicted in the photograph as holding a gun, the gun was redacted from the photograph before it was displayed to the jury.

(Jury), 2/20/08, at 110. Appellant has failed to demonstrate how the outcome would have been different had his counsel renewed the objection at trial.

Regarding the timing of the authentication testimony, the record reveals that the Commonwealth made a proffer of Detective Boyle's authentication testimony prior to the admission of the photograph, and the jury was not shown the photograph until after the detective testified. The law is well settled that the trial court has discretion as to the order of presentation of witnesses and proof. *See Commonwealth v. Smallwood*, 442 A.2d 222, 224 (Pa. 1982) ("The order of proof is a matter within the realm of the trial court's judicial discretion which will not be interfered with in the absence of an abuse thereof."). Appellant failed to establish prejudice or arguable merit.

With regard to the photograph, Appellant also argues that it was illegally seized from his home and that counsel was ineffective in failing to seek its suppression. He contends that the search was not supported by probable cause and the photograph was irrelevant. The Commonwealth counters that probable cause to search Appellant's home was supplied by J.W.'s statement that Appellant admitted that he murdered the two men and held her at gunpoint in his home. Based on that information, they had reason to believe that search of the home would yield a gun or other contraband or evidence relevant to the murders.

The PCRA court found no merit in Appellant's claim that counsel was ineffective for failing to challenge the search that yielded the photograph. The

court found that the affidavit of probable cause contained not only J.W.'s report of Appellant's incriminating admission to the murders, but that it also contained information that Appellant had committed a rape, "which by itself established probable cause to search [Appellant's] residence." PCRA Court Opinion, 11/13/17, at 8 (citing N.T. Trial (Jury), 2/13/08, at 16). Moreover, the fact that photographs were not listed in the search warrant did not preclude their seizure. As the PCRA court correctly noted, items other than those described in a search warrant may be seized "if they have a reasonable relation to the purpose of the search." *Id*. at 9 (citing ***Commonwealth v. Gannon***, 454 A.2d 561, 565 (Pa.Super. 1982)). The PCRA court found the photographs to be reasonably related to the purpose of the search as they depicted Appellant in a location near the double homicide and with his co-defendant who was holding a gun. Hence, the court found no arguable merit in Appellant's claim that his counsel was ineffective for failing to challenge the seizure of the photographs. We agree with the PCRA court's analysis and find no arguable merit in Appellant's ineffective assistance claim that would entitle him to relief.

Next, Appellant asserts that trial counsel was ineffective in failing to object and raise on appeal numerous instances of prosecutorial misconduct. He claims that counsel was ineffective for not objecting to some of the improprieties, failing to request a mistrial in other instances, and in abandoning some of these issues on appeal.

According to Appellant, ineffectiveness first occurred when counsel purportedly failed to object, seek a curative instruction, and/or appeal when the prosecutor argued facts not in evidence during the opening statement. The prosecutor represented that Appellant, having learned that his co-defendant had been arrested, accosted J.W. at gunpoint. Defense counsel objected, but the objection was overruled. The trial court found the argument proper as J.W. was going to testify, and did testify, that Appellant held J.W. at gunpoint after learning that his co-defendant had been arrested. Appellant faults his counsel for failing to assert the trial court's ruling as error on appeal and contends that it prejudiced his co-defendant.

The PCRA court found that Appellant was not entitled to relief based on alleged prejudice to his co-defendant where the comment referred to Appellant. Moreover, the court noted that J.W. testified that Appellant pointed a gun at her, and the jury was told that her testimony could only be considered against Appellant. Finally, Appellant offers no support for his claim that had counsel appealed, the result would have been different. Thus, he has not made the requisite showing of prejudice that would entitle him to relief.

In a closely-related argument, Appellant claims that counsel was deficient in failing to object when the prosecutor stated that Appellant held a gun to J.W.'s head, when J.W. actually testified that he pointed a gun at her. The PCRA court found no prejudice from counsel's failure to object as Appellant failed to offer any argument that the outcome of the trial would have been

any different if counsel had successfully objected. Furthermore, the trial court had cautioned the jury that the arguments of counsel were not evidence. We agree, and no relief is due on this basis. N.T. Trial (Jury), 2/21/08, at 11-12.

Next, Appellant faults his counsel for failing to seek a mistrial when the Commonwealth "manipulated" J.W.'s testimony "about the murder" to reflect that there had actually been two murders. Defense counsel objected, but the objection was overruled. Appellant alleges ineffectiveness on counsel's part because he did not seek a mistrial following Detective Boyle's testimony that J.W. provided him with information regarding a double murder when she said "murder" in the singular. N.T. Trial (Jury), 2/20/08, at 175-76.

The PCRA court found no manipulation of J.W.'s testimony in this regard. It reasoned that J.W.'s use of the word "murder" was merely a reference to the incident, not to the number of persons killed. PCRA Court Opinion, 11/13/17, at 16. In her statement to police and her trial testimony, J.W. spoke of "two murders," and reported that Appellant said "me and my other bull (friend) murdered Keem's two cousins[,]" clearly indicating that more than one person was killed. *Id*. at 7 (citing N.T. (Motion), 2/13/08 at 3-11; N.T. Trial (Jury), 2/20/08, at 85, 89-90). We find, as to each of the foregoing claims, Appellant neglected to make any showing of prejudice, *i.e.*, that a mistrial would have been granted had it been sought.

Next, Appellant complains that counsel failed to object when the prosecutor argued that Appellant's grandmother lived in Southwest

Philadelphia in close proximity to the Chinese store, which he claims is factually incorrect. Again, Appellant fails to establish how he was prejudiced, especially where there was photographic evidence of him at the Chinese store. In sum, we find no ineffective assistance of counsel with regard to what Appellant complains was prosecutorial misconduct.

Appellant argues next that the testimony of Mrs. Elissa Carter was inconsistent and that her testimony of fear and intimidation was outside the scope of the Commonwealth's proffer. He argues that the Commonwealth's reference to the intimidation coming from one side of the courtroom implied that Appellant was responsible for intimidating the witness. Appellant's counsel objected in closing, to no avail. Appellant faults the trial court for not providing a cautionary or curative instruction. Appellant's brief at 37. Since this alleged error is directed at the trial court, not counsel, it is waived as it could have been asserted on direct appeal. *Commonwealth v. Paddy*, 15 A.3d 431, 442 (Pa. 2011) ("An issue has been waived if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state post-conviction proceeding. 42 Pa.C.S. § 9544(b).").

Appellant raises a litany of instances where he alleges counsel was ineffective for failing to object, or seek a mistrial, or appeal. He blames his counsel for not objecting to Ms. Carter's statement being hand-recorded by the police, although he offers no explanation as to how he was prejudiced.

Appellant alleges that counsel should have challenged the court's refusal to declare a mistrial based upon improper surprise when Mr. LeRoy Davis identified him in court as "the tall guy." However, the PCRA found no prejudice as the identification was "equivocal at best." PCRA Court Opinion, 11/13/17, at 23. Additionally, the PCRA court found no evidence that the Commonwealth knew Mr. Davis was going to make the in-court identification before he did so. *Id*. Finally, the PCRA court noted that an in-court identification is not *per se* improper absent a pre-trial identification. *Id*. (citing **Commonwealth v. Rush**, 562 A.2d 285 (Pa. 1989), and **Commonwealth v. Cornish**, 370 A.2d 291 (PA. 1977)). We find no error in the PCRA court's rationale, and no relief is due.

Appellant also claims that trial counsel was ineffective for failing to call his alibi witnesses. In a related issue, Appellant alleges that counsel lied to him and the alibi witnesses about the reasons for not calling them. Neither claim affords a basis for relief.

In support of this ineffectiveness claim, Appellant offers two affidavits that he acquired after the fact from Hakeem Harris and Latanya McKoy, which he maintains establish an alibi defense. The Commonwealth counters that Appellant expressly waived his right to call witnesses at trial, and furthermore, that neither of the affidavits established an alibi.

The PCRA court agreed with the Commonwealth that Appellant should not be heard to complain that counsel was ineffective in failing to call his alibi

witnesses after Appellant represented to the trial court that he did not ask counsel to call certain persons as witnesses, counsel had not refused to call any, and he was satisfied with counsel's representation. N.T. Trial (Jury), 2/21/08, at 8-9 (citing **Commonwealth v. Lawson**, 762 A.2d 753 (Pa.Super. 2000)) (holding that one cannot waive the right to call witnesses and then later claim that the waiver was coerced by counsel). Furthermore, the PCRA court found that the affidavits did not establish an alibi for Appellant. Ms. McKoy did not state that Appellant was in a particular location when the crime was committed that would have rendered it impossible for him to have committed it; Hakeem merely said he spoke to Appellant by phone. Hakeem also stated therein that he intentionally absented himself from trial because he was angry with Appellant and afraid of being arrested.

Our review of the affidavits confirms that they do not furnish alibis for Appellant or establish that these witnesses were available and willing to testify on Appellant's behalf. Hence, Appellant cannot demonstrate that he was prejudiced by counsel's failure to call them. As to Appellant's claim that counsel lied to him and the witnesses to secure the witnesses' absence, Appellant offers no support. The affidavits do not establish any misrepresentations that counsel purportedly made regarding their attendance at trial. Thus, this claim lacks arguable merit and a showing of prejudice that would entitle Appellant to relief.

Appellant's final issue is that the PCRA court erred in dismissing his PCRA petition where he should have been sentenced as a juvenile. He claims that, although he was twenty years old at the time of the offense, he was on juvenile probation until the age of twenty-one, and should have been treated as a juvenile. The Commonwealth directs our attention to **Commonwealth v. Lee**, 206 A.3d 1 (Pa.Super. 2019) (*en banc*), where this Court rejected the argument that there should be exceptions to the eighteen-year-old ceiling recognized in **Miller v. Alabama**, 567 U.S. 460 (2012).

In **Lee**, the critical issue was whether the appellant could avail herself of the **Miller** rationale, even though she was over the age of eighteen at the time of the offense. She alleged that the "immature brain" theory was equally applicable to her and rendered her less culpable under **Miller**. **Lee**, **supra** at 5. This Court refused to expand the **Miller** holding on collateral review to individuals over the age of eighteen. Thus, the PCRA court correctly held that **Miller** did not apply to Appellant, who was twenty years old at the time of the murders.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/19/19

- 19 -