J-S01041-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOSE PEROZA-BENITEZ | : | |
| | : | |
| Appellant | : | No. 783 MDA 2020 |

Appeal from the PCRA Order Entered May 6, 2020
In the Court of Common Pleas of Berks County Criminal Division at
No(s): CP-06-CR-0005608-2015

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOSE PEROZA-BENITEZ | : | |
| APPEELLANT | : | |
| | : | No. 784 MDA 2020 |

Appeal from the PCRA Order Entered May 14, 2020
In the Court of Common Pleas of Berks County Criminal Division at
No(s): CP-06-CR-0000995-2016

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOSE PEROZA-BENITEZ | : | |
| | : | |
| Appellant | : | No. 785 MDA 2020 |

Appeal from the PCRA Order Entered May 14, 2020
In the Court of Common Pleas of Berks County Criminal Division at
No(s): CP-06-CR-0000994-2016

J-S01041-21

BEFORE: LAZARUS, J., McCAFFERY, J., and STEVENS, P.J.E.*

MEMORANDUM BY STEVENS, P.J.E.: **FILED FEBRUARY 24, 2021**

Appellant, Jose Perosa-Benitez, appeals *pro se* from the order of the Court of Common Pleas of Berks County dismissing his timely first petition filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546, without a hearing. Among the numerous ineffective assistance claims Appellant's petition leveled against all prior counsel was the claim that guilty plea counsel ineffectively failed to file a requested post-sentence motion and direct appeal.

This claim was denied summarily, but in the present consolidated appeal[1] both the PCRA court and the Commonwealth concede that said denial with respect to Appellant's rights to a direct appeal was erroneous in the absence of an evidentiary hearing. We agree, and for the reasons that follow, we vacate the order in question and remand to the PCRA court for the

---

* Former Justice specially assigned to the Superior Court.

[1] After Appellant's PCRA counsel was permitted to withdraw pursuant to **Turner**/**Finley**, the PCRA court denied Appellant's PCRA petition on May 6, 2020. On May 20, 2020, Appellant filed three *pro se* notices of appeal, pursuant to **Commonwealth v. Walker**, 185 A.3d 969 (Pa. June 1, 2018). Each notice contains all three trial court docket numbers, with one of the numbers highlighted. The PCRA court order that is attached to each notice of appeal also contains all three numbers, with a different number highlighted on each order. Pursuant to this Court's policy regarding multiple **Walker** appeals, the instant appeals were consolidated, *sua sponte*, by order of July 20, 2020.

- 2 -

appointment of counsel and the holding of an evidentiary hearing on whether Appellant is entitled to *nunc pro tunc* reinstatement of his direct appeal rights.[2]

The PCRA court sets forth the relevant facts and procedural history, as follows:

[On two occasions in late June and early July of 2017, Appellant delivered heroin to an undercover police officer.] On October 8, 2015, police executed a search warrant at Appellant's residence and discovered heroin. N.T., Guilty Plea and Sentencing Hearing, 9/1/16, at 6.

. . .

Appellant . . . was charged with various criminal offenses in the above-referenced dockets. On September 1, 2016, Appellant entered a negotiated guilty plea to persons not to possess

_____

[2] Appellant's ineffectiveness claim alleging counsel's wrongful failure to file a requested direct appeal requires him to prove only said failure, which, alone, would constitute *per se* ineffectiveness. That is, he is not required to prove prejudice. Hence, as discussed more fully below, we remand for an evidentiary hearing centered on Appellant's alleged request and the exchange between counsel and Appellant that followed.

In contrast, Appellant's companion claim alleging an unfiled requested post-sentence motion, even if factually true, is not the type of claim that charges *per se* ineffectiveness. Instead, such a claim must satisfy all three prongs of the ineffectiveness test. Because Appellant entered into a plea agreement comprising a lawful, agreed-upon sentence, received that sentence, and otherwise failed in his petition and brief to offer a developed assertion that his plea was involuntarily or unintelligently made, he has not demonstrated he incurred prejudice from counsel's failure to file a post-sentence motion. **See**, **e.g.**, **Commonwealth v. Tirado**, 870 A.2d 362, 365 n.5 (Pa. Super. 2005) (noting that "while a guilty plea which includes **sentence negotiation** ordinarily precludes a defendant from contesting the validity of his or her sentence other than to argue that the sentence is illegal or that the sentencing court did not have jurisdiction, **open** plea agreements are an exception in which a defendant will not be precluded from appealing the discretionary aspects of the sentence.")(emphasis in original). Accordingly, we deny remand on Appellant's post-sentence motion claim.

firearms,[] possession with intent to deliver a controlled substance, and two count of delivery of a controlled substance in resolution of all three dockets. On that same date, Appellant was ordered to serve a cumulative sentence of 5 to 10 years in a state correctional facility.

On July 10, 2017, Appellant filed a *pro se* Motion for Post-Conviction Collateral Relief ("Motion"), pursuant to the [PCRA] in all three dockets. [After the first two appointed counsel each withdrew for reasons of conflict of interest, Michael D. Dautrich, Esquire ("Attorney Dautrich"), was appointed to represent Appellant on July 30, 2018. On November 12, 2019, Attorney Dautrich filed his Petition for Leave of Court to Withdraw as Counsel and his supporting brief (collectively referred to as "Petition to Withdraw"). On February 12, 2020, [the PCRA court] issued its Order and Notice of Intent to Dismiss Appellant's Motion and granted the Petition to Withdraw. Appellant filed a response on March 6, 2020. Appellant's Motion was dismissed on May 6, 2020.

On May 20, 2020, Appellant filed a Notice of Appeal to the Superior Court of Pennsylvania from the order of May 6, 2020. On June 1, 2020, Appellant was ordered to file a concise statement of matters complained of on appeal within 21 days from the order's entry on the docket. On June 26, 2020, Appellant filed a concise statement raising [eleven issues of ineffective assistance of prior counsel, one of which centered on counsel's failure to file a requested direct appeal and insisted on the reinstatement of Appellant's direct appeal rights].

PCRA Court's Opinion, 7/28/20 at 3-4, 1-3.

Appellant raises and develops in his *pro se* brief the issue that the PCRA court erroneously denied him an evidentiary hearing in which he could prove plea counsel failed to file a requested direct appeal. As noted, the PCRA court concedes that it so erred, and the Commonwealth concurs that remand for an evidentiary hearing is appropriate.

There is no absolute right to an evidentiary hearing. ***See Commonwealth v. Springer***, 961 A.2d 1262, 1264 (Pa. Super. 2008). On

appeal, we examine the issues raised in light of the record "to determine whether the PCRA court erred in concluding that there were no genuine issues of material fact and in denying relief without an evidentiary hearing." ***Id***.

A PCRA petitioner is entitled to relief if he pleads and proves that prior counsel rendered ineffective assistance of counsel. 42 Pa.C.S.A. § 9543(a)(2)(ii). Generally, "[t]o prevail on an [ineffectiveness] claim, a PCRA petitioner must plead and prove by a preponderance of the evidence that (1) the underlying legal claim has arguable merit; (2) counsel had no reasonable basis for acting or failing to act; and (3) the petitioner suffered resulting prejudice." ***Commonwealth v. Reyes-Rodriguez***, 111 A.3d 775, 780 (Pa. Super. 2015) (*en banc*). A petitioner must prove all three factors, or the claim fails. ***Id***.

"Actual or constructive denial of the assistance of counsel, however, falls within a narrow category of circumstances in which prejudice is legally presumed." ***Commonwealth v. Lane***, 81 A.3d 974, 978 (Pa. Super. 2013). A claim that counsel disregarded a request to file a direct appeal falls within this category.

Specifically, "[o]ur Supreme Court has held that counsel's unexplained failure to file a requested direct appeal constitutes ineffective assistance *per se*, such that the petitioner is entitled to reinstatement of direct appeal rights *nunc pro tunc* without establishing prejudice." ***Commonwealth v. Ousley***, 21 A.3d 1238, 1244 (Pa. Super. 2011). ***See also Commonwealth v. Markowitz***, 32 A.3d 706, 715 (Pa. Super. 2011) (recognizing that neglecting

to file a requested appeal "is *per se* ineffective as the defendant was left with the functional equivalent of no counsel."). "Therefore, in such circumstances, and where the remaining requirements of the PCRA are satisfied, the petitioner is not required to establish his innocence or demonstrate the merits of the issue or issues which would have been raised on appeal." ***Commonwealth v. Lantzy***, 736 A.2d 564, 572 (Pa. 1999) (internal footnote omitted).

The record reveals that Appellant raised the instant claim at the first available opportunity below and has persistently invoked it throughout his collateral appeal. In his *pro se* PCRA Petition of July 10, 2017, *pro se* Motion for Evidentiary Hearing of November 1, 2017, *pro se* Response to the PCRA Court's Rule 907 notice of March 6, 2020, *pro se* Pa.R.A.P. 1925(b) Concise Statement, and *pro se* brief, Appellant has maintained he is entitled to *nunc pro tunc* reinstatement of his direct appeal rights because his counsel disregarded his timely request for a direct appeal.

Specifically, Appellant has averred that plea counsel advised against a direct appeal not because it would have been frivolous but because of unspecified "strategic reasons." Appellant nevertheless insisted that counsel file the appeal, he maintains, but he has been denied the chance to prove so, which he must do to gain collateral relief. Additionally, there has been no occasion to hear from plea counsel as to whether she deprived Appellant's rights in this regard.

Given the request of both the PCRA court and the Commonwealth that we remand this matter for an evidentiary hearing, and in recognition of the serious nature of Appellant's "per se ineffectiveness" claim, we vacate the order granting counsel's motion to withdraw and dismissing Appellant's PCRA petition without a hearing and remand to the PCRA court. On remand, the court shall appoint new counsel and schedule an evidentiary hearing limited to the issue of whether plea counsel disregarded Appellant's request to file a direct appeal, bearing in mind that the set of potentially viable claims after Appellant's "closed" plea appears to be limited to the validity of his plea. We leave it to the PCRA court, however, to make this assessment after having the benefit of a fully developed record.

Order vacated. Case remanded for appointment of new counsel and commencement of an evidentiary hearing consistent with this memorandum. Jurisdiction relinquished.[3]

---

[3] Based on our disposition, we need not address Appellant's remaining PCRA claims. **See Commonwealth v. Harris**, 114 A.3d 1, 6 (Pa. Super. 2015) (recognizing if "a PCRA court determines that a petitioner's right to direct appeal has been violated, the PCRA court is precluded from reaching the merits of other issues raised in the petition.").

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 02/24/2021